THOMAS *v.* STATE OF INDIANA.

[No. 24,764.    Filed March 18, 1925.    Rehearing denied May 22,
1925.]

1.   INTOXICATING LIQUORS.—*Evidence considered and held suf-
ficient to prove transportation of liquor in an automobile.*—
Evidence that one accused of transporting liquor was seen to
drive through an alley, get out of his car and go to the back,
unlock and lift up the lid and lift up a five-gallon container
of alcohol is sufficient to prove transportation of liquor.  p. 237.

2.   ARREST.—*A peace officer may arrest without warrant upon
belief that a felony has been committed.*—A peace officer may
arrest without a warrant when he sees a man get out of his
automobile and lifting up the lid of the rear compartment
take out a can therefrom which the officer has reasonable
grounds for believing contains whisky or alcohol.  p. 237.

3.   SEARCHES AND SEIZURES.—*A person's vehicle may be searched
when he is lawfully arrested.*—A person taken in the very act
of committing a felony is not immune from the search of his
person and effects, including the vehicle he is using to aid
in its commission.  p. 237.

From Marion Criminal Court (56,561); *Frank A.
Symmes,* Special Judge.

J. Franklin Thomas was convicted of transporting
liquor in an automobile, and he appeals.  *Affirmed.*

*Walter W. Maddux* and *E. E. McFerren,* for appel-
lant.

*U. S. Lesh,* Attorney-General, for the State.

EWBANK, J.—Appellant was charged by affidavit with the offense of knowingly, unlawfully and feloniously transporting intoxicating liquor in an automobile, and was found guilty.  Overruling his motion for a new trial is assigned as error, under which he insists that his motion to suppress certain evidence was improperly overruled, and that except for the evidence thus sought to be suppressed there was no evidence of his guilt. The motion, verified by the oath of the defendant, averred that without a search warrant certain policemen searched an automobile, and confiscated intoxicating liquors that were in it, for which reason the court was requested to "suppress the evidence so unlawfully obtained," neither the liquor nor other evidence referred to being more particularly described.

The bill of exceptions purports to set out the "evidence on motion to suppress the evidence," separately, as follows:   That certain police officers had a complaint that some men whose names were not given were hauling liquor to a place in an alley in the city of Indianapolis where a shed was full of empty jugs and cans in which "mule" had been delivered; that they were hiding in the shed, "waiting there to see them come," when appellant and another man drove past and stopped in front of a house about seventy-five feet away; that the alley was a public highway; that the policemen saw appellant get out and unlock the back of the car, which was a Maxwell coupe, and raise the lid, and saw him reach down in there and raise up a five-gallon container of alcohol; that they then ran up to appellant, and when he heard them coming he put the container back into the car and dropped the top down and locked it; that the container was a five-gallon can which was not transparent; that the policemen placed appellant and his companion under arrest, and then unlocked and opened the back part of the car, and in it found the five-gallon

container of alcohol, and also a gallon can, being six gallons altogether; that the policemen had no search warrant, and had not seen the contents of the container before the search was made. After hearing this testimony the trial court overruled the motion to suppress the evidence.

The cause was thereupon submitted for trial on the issue formed by appellant's plea of not guilty, and the following evidence was introduced, without objection or exception to any of it: That two police officers hid themselves in a shed that was full of empty jugs and cans that had contained "mule," and while they were there appellant rode down the alley past the shed in a new Maxwell coupe automobile, and stopped it, fifty or seventy-five feet away, "in front of a residence where there is a blind tiger"; that appellant was driving, and after stopping he got out of the car and went behind it, unlocked it, and lifted up a five-gallon can of alcohol, and had it partly out of the car; that the man who lived in the residence was out on the front steps; that the officers were watching appellant from the shed, and ran up behind him, when "he laid the can back down in there, and locked it—it locked itself when the top fell down"; that the can contained five gallons of alcohol, and there was another can in the car that contained one gallon; that they asked him what he had in there and he said he didn't know; that they asked him whose car it was, and he said it was not his, but belonged to a fellow on Meridian street; that the officers then placed appellant and his companion under arrest; that they told appellant to open the back part of the car and he opened it; that at first appellant said there was nothing in the back of the car, and after it was opened and the six gallons of alcohol was disclosed he said that he knew nothing about it—that it did not belong to him; that he said his companion was driving the car, and

upon being asked how it happened that the companion got out first on the right hand side, he said "Well, if you are going to lock me up, lock me up"; and he then said that he was delivering the alcohol for some one whom he did not name.

This evidence sufficiently supported an inference that appellant was guilty, as charged, if the evidence was properly admitted, and the only question for consideration and decision is whether or not the policemen violated appellant's constitutional rights by searching the automobile under the circumstances as stated. This question must be answered in the negative. Having information that a felony was being committed by the unlawful transportation of intoxicating liquor to that place, and seeing appellant drive up there and start to lift out of his automobile a package that contained intoxicating liquor, like the containers stored in the shed which had contained it, the officers had sufficient ground for arresting appellant and searching the car. A peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being or has been committed by the person arrested. *Doering* v. *State* (1874), 49 Ind. 56, 58, 59, 19 Am. Rep. 669; *Simmons* v. *Vandyke* (1894), 138 Ind. 380, 382, 37 N. E. 973, 26 L. R. A. 33, 46 Am. St. 411; *Harness* v. *Steele* (1902), 159 Ind. 286, 295, 64 N. E. 875. And a person taken in the very act of committing a felony is not immune from the search of his person and effects, including the vehicle which he is using to aid in its commission. *State, ex rel.,* v. *Clausmeier* (1900), 154 Ind. 599, 602, 57 N. E. 541, 50 L. R. A. 73, 77 Am. St. 511, and authorities cited. *Dailey* v. *State* (1924), 194 Ind. 683, 144 N. E. 523.

The judgment is affirmed.