## MURPHY v. STATE OF INDIANA.

[No. 24,941.   Filed March 10, 1926.]

1. ARREST.—*Peace officers may arrest person found violating law and detain him until warrant can be obtained.*—Section 2176 Burns 1926, §2013 Burns 1914, expressly authorizes certain enumerated peace officers, including policemen, to arrest any person found violating any law of the state and detain him until a warrant can be obtained.   p. 362.

2. ARREST.—*Peace officer may arrest without warrant when he has reasonable and probable cause to believe that the person arrested has committed a felony.*—A peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being or has been committed by the person arrested.   p. 362.

3. ARREST.—*Police officer held to have had reasonable and probable cause to believe a felony was being committed and thus authorized to make arrest without a warrant.*—A police officer who, after stopping an automobile for a traffic violation, saw a jug therein, and as the car was driven away, saw the jug broken by an occupant of the car, and a liquid ran from the car having the odor of "white mule" whisky, had reasonable and probable cause to believe that the felony of transporting intoxicating liquor in an automobile was being committed, and, therefore, had authority to arrest the driver of the car.   p. 362.

4. SEARCHES AND SEIZURES.—*As incident to a lawful arrest, police officer may, without a search warrant, search automobile in which accused was riding at time of arrest.*—As incident to a lawful arrest, a police officer may, without a search warrant, search an automobile in which the accused was riding at the time of the arrest.   p. 362.

From the Knox Circuit Court; *Thomas B. Coulter,* Judge.

James Murphy was convicted of feloniously transporting intoxicating liquor in an automobile, and he appeals. *Affirmed.*

*Ralph E. Jones,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, J.—The appellant was convicted of unlawfully and feloniously transporting intoxicating liquor in an automobile in violation of §1, ch. 34, acts of 1923. His motion for a new trial was overruled, and on appeal, said ruling is assigned as error. The causes for a new trial were that the verdict of the jury was not sustained by sufficient evidence and the verdict was contrary to law.

By the undisputed evidence, the following facts were shown: That on October 17, 1924, a motorcycle policeman of the city of Vincennes was riding on one of the streets of that city. As he met a truck, the appellant, driving a Ford automobile, drove from behind the truck and forced the motorcycle almost off the street. The officer called upon appellant to stop, then turned around and rode up to the side of the automobile. He asked appellant a question and as he did this, he saw a two-gallon jug in the automobile. As the officer saw the jug, the appellant drove away. After he had gone about fifty or sixty feet, the policeman overtook him. While the automobile was traveling that distance, a man in the front seat with appellant broke the jug with a hammer and a liquid ran out on each side of the car in a stream. The policeman smelled the odor of "white mule" whisky. The officer ordered the appellant to drive to the city hall, which he did, after asking the former if he had a revolver and learning that he did

have.    At the city hall, part of the liquid in the automobile was saved.    Same was white mule whisky.

It is contended by the appellant that the evidence of the officer should not have been admitted, as he did not have a search warrant and did not see appellant commit a misdemeanor or a felony.  The law in regard to making an arrest without a warrant is that all judicial officers, peace officers and certain others may arrest and detain any person found violating any law of this state, until a legal warrant can be obtained. §2176 Burns 1926, §2013 Burns 1914.  And it is well settled that a peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being or has been committed by the person arrested.  *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850.  No arrest was made when appellant was first stopped and no search was made of his automobile at that time.  In *Boyd* v. *United States* (1923), 286 Fed. 930, the court said:  "While the statement is made that the officers searched the car, there is nothing to indicate that it was necessary for them to do anything more, or that they did anything more, than look into the car to discover the whisky.  It is not a search in any legal or colloquial sense for an officer to look into automobile standing on the road side."  Appellant's automobile was not searched until after his arrest.  The officer saw appellant drive away with a jug in his automobile, saw the jug broken with a hammer, and saw a liquid running out of the automobile, which liquid had the odor of "white mule" whisky. He had reasonable and probable cause for believing that a felony was being committed in his presence by appellant, the felony being the transporting of intoxicating liquor in an automobile.  The arrest was lawful.  After

the lawful arrest, as incident to same, the officers had a right to search, without a search warrant, the automobile in which accused was riding at the time of the arrest. *Dailey* v. *State* (1924), 194 Ind. 683, 144 N. E. 523; *Thomas* v. *State, supra; Haverstick* v. *State* (1925), 196 Ind. 145, 147 N. E. 625; *Jameson* v. *State* (1925), 196 Ind. 483, 149 N. E. 51. As the evidence to which exceptions were taken was competent, the verdict was sustained by sufficient evidence and was not contrary to law. There was no error in overruling the motion for a new trial.

The judgment is affirmed.