### BOYD *v.* STATE OF INDIANA.

[No. 24,482. Filed June 8, 1926.]

1. INTOXICATING LIQUORS.—*Indictment for transporting liquor in an automobile held sufficient.*—An indictment charging that the defendant, on a named date, and in the county of the indictment, did unlawfully and feloniously transport intoxicating liquor in an automobile was sufficient under the law of 1923 (Acts 1923 p. 108) making it a felony to transport intoxicating liquor in a vehicle. p. 57.

2. ARREST.—*When arrest for felony may be made without a warrant.*—Where a felony has been or is being committed, and a peace officer has reasonable and probable cause to be-

lieve that a certain person was the offender, the officer is justified in arresting him without a warrant.   p. 59.

3.   ARREST.—As a general rule, an unlawful arrest cannot be the foundation of a lawful search, nor will information obtained by an unlawful search alone furnish the basis for a lawful arrest.   p. 59.

4.   SEARCHES AND SEIZURES.—*Unlawful search cannot be made lawful by what afterwards takes place.*—Where a search is unlawful to begin with, it is not made lawful by that which afterwards takes place.   p. 59.

5.   SEARCHES AND SEIZURES.—Evidence and information in possession of peace officers *held* insufficient to authorize search of defendant's automobile, although a jug of whisky was found therein.   p. 59.

6.   SEARCHES AND SEIZURES.—*Evidence obtained by search of automobile without probable cause should have been suppressed.* —Where the only reason for arresting the driver of an automobile was that the arresting officers believed that he was transporting whisky therein, such belief being founded on the fact that they saw him exchange packages with a negro as he drove along the street, a search of the car after his arrest was without probable cause as required by the Constitution, Art. 1, §11, and the evidence obtained by such search should have been suppressed on motion to that effect.   p. 59.

From Vanderburgh Circuit Court; *Phillip Gould,* Judge.

Rolla Boyd was convicted of transporting intoxicating liquor in an automobile, and he appeals.   *Reversed.*

*John W. Spencer, Jr.,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This action is based on an indictment returned by the grand jury of Vanderburgh county, Indiana, in which the appellant Rolla Boyd, was indicted for unlawful transportation of intoxicating liquor in an automobile, under the transportation act of 1923.   It is charged in the indictment that the appellant, on or about April 18, 1923, at said county, did then and there unlawfully and feloniously transport in-

toxicating liquor in a certain vehicle, to wit, an automobile, then and there being, etc.

A motion was made to quash the indictment, alleging that the facts stated in said indictment did not charge a public offense and that said indictment does not state the offense with sufficient certainty.

The questions presented by this motion to quash have been heretofore decided adversely to the contention of appellant. *Volderauer* v. *State* (1924), 195 Ind.

1. 415, 143 N. E. 674; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *Frey* v. *State* (1925), 196 Ind. 359, 147 N. E. 279; *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62; *Morgan* v. *State* (1926), 197 Ind. 374, 151 N. E. 98. The court did not err in overruling appellant's motion to quash the indictment.

Appellant claims in his motion for a new trial that the finding of the court is not sustained by sufficient evidence and is contrary to law. Appellant says that the only evidence in support of the finding was procured by unlawful search of the automobile used by him, and he made a motion to suppress this evidence, but such motion was not ruled upon by the court, and when the evidence was offered upon the trial of the case, he objected to its introduction, but it was admitted over his objection and exception.

The evidence most favorable to the state is as follows: Sherman Hamsley testified for the state as follows: "I am a deputy sheriff and was such on April 18. I know defendant and saw him on April 18, about 7:30 o'clock, driving a taxi cab, alone, going up Third street toward Main street. I was in an automobile with John Detroy and we followed his automobile from Fifth and Chestnut and, at Fifth and Walnut, a colored man stepped out of the building there and he handed somebody in this cab a package with one hand and took a package in the other hand that looked like a sack.

Then he drove off again and when he got between Vine and Sycamore and Division, I jumped out of my car and ran around to the side of the taxi cab, and I told him to stop, and I got on the side of the running board and he did stop. I had my gun drawn and picked up that jug of white mule sitting down there beside him in the front seat of the taxi cab on the floor. It contained white mule whisky, 110 proof, and is a gray-based, brown-topped clay jug, with a broken handle, with one-gallon capacity. This occurred in Vander-burgh county, State of Indiana. Boyd is a married man living with his wife, and is an automobile mechanic. After his arrest, we got a search warrant and went down and searched his house but found no whisky. He stopped at my request, and after he stopped, I asked him to get out, and reached down and got the jug. It had a paper sack around it, and I didn't know what was in it. I had no warrant for the search of this automobile and no warrant for the arrest of Rolla Boyd. I got the jug out of the car before I put him under arrest. I arrested him first because he had no tail light. We didn't follow him because his tail light wasn't burning. I never have arrested a man for failing to have a tail light burning, but would have arrested him for that if I hadn't found the whisky. We followed Boyd because we thought he was hauling whisky, after we saw him exchange those packages at Fifth and Walnut."

John Detroy, testified as follows: "I met Sherman Hamsley with my automobile, April 18, 1923, early in the evening. We drove to Fifth and Walnut. A taxi cab drove up, and a colored man came out and passed something to the taxi cab and took something out of the taxi cab, and the taxi cab drove off, and I drove Hamsley up to the car and he got this jug out of the car. He got on the running board of the other car and

found this jug in the front end of the car. The defendant was driving a Ford taxi cab alone. When Hamsley got on the running board, the defendant said, 'I'll quit,' and when I found defendant didn't have any gun, I sat in the back seat with him and Hamsley drove the taxi cab over to the city lockup. The jug contained while mule whisky. The jug was wrapped in a paper sack. We had no warrant for the arrest of this man or the search of his car. The jug was introduced in evidence."

It is the law that where a felony has been or is being committed, and the peace officers have reasonable and probable cause to believe that a certain person was the offender, then they would be justified in arresting him without a warrant. *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *Murphy* v. *State* (1926), 197 Ind. 360, 151 N. E. 97; *Eiler* v. *State, supra; Carroll* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

The offense for which the appellant was arrested in this instance was a felony and the question arising upon the evidence thus set out is whether the evidence is sufficient to show that the officers searching the vehicle and arresting the appellant were justified upon a belief reasonably arising out of the circumstances known to the seizing officer that the automobile which was searched contained that which, by law, is subject to seizure and destruction. The arrest in this case was made after the automobile had been searched. And the cause for the arrest must have existed before the officers found anything as a result of the search. It is a general rule of law that an unlawful arrest cannot be the foundation of a lawful search, nor will the information obtained by an unlawful search alone, furnish the basis for a lawful ar-

rest.    Where the arrest or search is unlawful to begin with it is not made lawful by that which afterwards takes place.    *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23; *United States* v. *Slusser* (1921), 270 Fed. 818; Cornelius, Search & Seizure §27, p. 90.    The only reason appearing by this evidence for the arrest of appellant is because the deputy sheriff and his assistant believed that he was hauling whisky, and it appears from the evidence that this belief was founded upon the fact that they saw him exchange packages at Fifth and Walnut streets with a negro.    The jug which was taken out of the appellant's car was introduced in evidence over his objection and exception.    It appears that there were complaints coming into the sheriff's office, but there is no evidence tending to show what these complaints were about or whether they had any connection with the appellant or his arrest on this occasion.

After a full and careful consideration of the evidence set out in the record, we are convinced that the evidence fails to show probable cause for the search of appellant's automobile.    *Eiler* v. *State, supra; Morgan* v. *State, supra.*

The search was unlawful and in violation of appellant's rights under Art. 1, §11, Constitution of Indiana, and the trial court erred in admitting the evidence resulting from such search.

Judgment reversed, with instructions to grant appellant's motion for a new trial.