## EDWARDS v. STATE OF INDIANA.

[No. 24,789.    Filed June 24, 1926.]

1. ARREST.—A peace officer may arrest without a warrant for a misdemeanor only on view of the commission of the crime. p. 173.

2. ARREST.—Arrest by police officers on suspicion that party arrested had whisky in his possession held illegal.—An arrest made by police officers without a warrant on suspicion that the party arrested had whisky in his possession was illegal, as a peace officer can arrest for a misdemeanor only when the crime is committed within his view.    p. 173.

3. CRIMINAL LAW.—Evidence secured by arrest and search of defendant, without warrant, on suspicion was illegally obtained and inadmissible.—Evidence secured by police officers' illegal arrest and search of defendant, without a warrant, but merely on suspicion that he had whisky in his possession, and without knowledge of facts that would furnish the basis for a probable cause for search, was illegally obtained and, therefore, inadmissible in a prosecution against him for any violation of the law.    p. 174.

4. INTOXICATING LIQUORS.—Evidence of defendant's reputation as a "bootlegger" is not admissible where he had not offered evidence in support of his character or reputation.    p. 174.

5. INTOXICATING LIQUORS.—Evidence that defendant's brother, who was with him at time of his arrest, was reputed to be a "bootlegger" was irrelevant and improper.—In a prosecution for transporting intoxicating liquor, evidence that defendant's brother, who was with him at the time of his arrest, was reputed to be a "bootlegger," was irrelevant, immaterial and improper.    p. 174.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Nelson Edwards was convicted of unlawfully transporting intoxicating liquor, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *U. S. Lesh,* for the State.

WILLOUGHBY, J.—On April 7, 1924, there was filed in the Delaware Circuit Court an affidavit charging the appellant, in five counts with a violation of the state prohibition law.   Counts 1, 3, 4 and 5 were subsequently dismissed.   Count 2, upon which the appellant was tried, charges that Nelson Edwards, on or about March 15, 1924, at Delaware county, State of Indiana, did then and there unlawfully transport intoxicating liquor.

The appellant entered a plea of not guilty and was tried by a jury.   The jury returned the following verdict: "We, the jury, find the defendant guilty as charged in the second count of the affidavit, and fix and assess his punishment at a fine in the sum of $500 and that he be imprisoned in the county jail for a period of six months."   From the judgment this appeal is taken and the overruling of his motion for a new trial is the only assignment of error not waived.   Under this assignment of error, the appellant says the verdict is not sustained by sufficient evidence and is contrary to law.   And also that at the trial of said cause improper evidence was permitted to be introduced by the state.   This prosecution is based on ch. 23, Acts 1923 p. 70, §1.   The offense defined in this section is a misdemeanor and appellant alleges that he was arrested without a warrant and taken out of his automobile and searched and that the officers who arrested

him had no warrant for his arrest and no sear    warrant to search his automobile

It appears from the evidence that three police officers of the city of Muncie, Delaware county, Indiana, saw the appellant on March 15, 1924, riding about the streets of said city in an automobile, which his brother, Fred Edwards, was driving. That they followed the automobile containing the appellant and his brother for some time as they drove about on the streets of the city. And then when the car in which the appellant and his brother were riding stopped at a railroad crossing, they went up to the car, one of the officers being on one side of the car and the other two on the other side. They opened the doors of both sides of the car and one of the officers took hold of the appellant and told him to "come on and get out of the car." The appellant asked, "what for," and the officer then took hold of his right arm and pulled him out of the car, and while he was pulling him out, the appellant took a half pint bottle out of his hip pocket and threw it on the floor of the car, breaking it. These officers testified that the bottle contained white mule whisky. They had no warrant for the arrest of either the appellant or his brother and they had no search warrant for the search of that automobile. The officers testified that they arrested the appellant and his brother on the suspicion that they had whisky. Both of them were placed under arrest, but no charge was filed against appellant's brother because they didn't find anything on him.

The appellant contends that the court erred in permitting the state's witnesses Mervin Collins and William Vaught, to testify, over the objection of appellant, what they saw, what they heard, and what they did while searching the automobile in which appellant was riding when arrested, alleging that such search was un-

reasonable and unlawful and in violation of appellant's rights as guaranteed by Art. 1, §11 of the Constitution of the State of Indiana.

A peace officer may arrest for a misdemeanor without a warrant only on view. *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669. In the instant case, 1, 2. it is undisputed that the officers had no warrant for appellant's arrest and no search warrant for the automobile. The officers who arrested appellant claim that he was arrested upon suspicion of having whisky. There is no authority of law for an officer to arrest a person for the commission of a misdemeanor without a warrant, except upon view. The arrest in this case was illegal.

In *Hughes* v. *State* (1921), 145 Tenn. 544, 238 S. W. 588, 20 A. L. R. 639, it was held that, where police officers arrest one on the highway without a warrant or evidence of the commission of crime in their presence, evidence discovered by the search of his person and conveyance, subsequently to the arrest, cannot be utilized to secure his conviction.

In *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353, it is held that evidence obtained by an officer while executing an invalid search warrant, in which search he found things alleged to be kept in the premises, in violation of law, is not competent on behalf of the state, and such officer may not testify as to what he found and saw while making such search. On this question see, also, *Callender* v. *State* (1922), 193 Ind. 91, 138 N. E. 817; *Amos* v. *United States* (1921), 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654; *Gouled* v. *United States* (1921), 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

At the time of the arrest, the officers had no knowledge that was a basis for probable cause to search appellant or his car. It was error for the court to per-

mit the introduction of this evidence procured by such arrest and search. *Doncaster* v. *State* (1926), 197 Ind. 635, 151 N. E. 724.

On the trial of the case, the state was permitted to prove by its witnesses, Mervin Collins and William Vaught, over the objection of the appellant, that the witnesses were acquainted with the general reputation of appellant as a bootlegger and that appellant was reputed to be a bootlegger. It appears from the record that the judge of the trial court stated, in overruling the objection of the appellant, "I am allowing this evidence in, gentlemen, for the reason that there is no search warrant; if a person is reputed to be a bootlegger, and if a person runs from an officer, they have a right to search him without a search warrant." Neither the appellant nor his brother Fred, testified as witnesses in the case. The state in a criminal case cannot introduce evidence of the character or the reputation of the defendant, unless the door has been opened by the defendant himself, by offering evidence in support of his .character or reputation. This appellant did not do. The admission of this evidence. was clearly illegal and harmful to the appellant.

It appears further, that the state was permitted to introduce evidence, over appellant's objection, to the effect that Fred Edwards, a brother of the appellant, had the general reputation down in that end of town as being a bootlegger and that he is reputed to be a bootlegger. When objection was made to this testimony by the appellant, the court overruled the objection on the ground that Fred was with his brother. No charge was placed against Fred Edwards, and they had no warrant for his arrest or for the arrest of the appellant. It is an elementary principle of criminal law that the reputation of the accused is never in issue until so placed by the accused. 4 Elliott, Evi-

dence §2721; *Drew* v. *State* (1890), 124 Ind. 9; *Fletcher* v. *State* (1874), 49 Ind. 124, 19 Am. Rep. 673; Bishop, Crim. Procedure §1112; *Dunn* v. *State* (1904), 162 Ind. 174, 70 N. E. 521; *Rock* v. *State* (1915), 185 Ind. 51, 110 N. E. 212; 1 Wharton, Crim. Evidence §57. Evidence of the reputation of Fred Edwards, the associate of the appellant was irrelevant, immaterial, and improper in the trial of this case. 4 Elliott, Evidence §2722; *Walls* v. *State* (1890), 125 Ind. 400; *State* v. *Beaty* (1900), 62 Kans. 266, 62 Pac. 658; *Omer* v. *Commonwealth* (1894), 95 Ky. 353, 25 S. W. 594.

It was error for the court to permit evidence by the state that the appellant was reputed to be a bootlegger or was a bootlegger and it was also error to admit evidence that appellant's brother was a bootlegger, or reputed to be a bootlegger.

There was no competent evidence to sustain the verdict of the jury. It is not supported by sufficient evidence and is contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.