KOSCIELSKI v. STATE OF INDIANA.

[No. 25,216.   Filed December 6, 1927.]

1. CRIMINAL LAW.—*Defendant's plea forms the issue to be tried, and without such plea, there is nothing to be tried.*—In a criminal prosecution, defendant's plea forms the issue to be tried, and without such plea, there is nothing before the court or jury to be tried.   p. 547.

2. CRIMINAL LAW.—It is reversible error to proceed with the trial of a criminal case without any plea by the defendant.   p. 547.

3. CRIMINAL LAW.—*Proper manner of presenting question that trial was had without plea.*—A motion for a new trial on the ground that the finding or verdict is contrary to law is the proper manner of presenting the question that the trial was had without a plea.   p. 547.

4. CRIMINAL LAW.—*Trial without a plea by defendant is reversible error, and entitles accused to new trial.*—Where the defendant got permission to withdraw his plea of not guilty and thereafter moved to quash the indictment, a trial without a plea was reversible error, for which the defendant was entitled to a new trial.   p. 547.

5. ARREST.—*When peace officer may make an arrest without a warrant.*—A peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being, or has been, committed by the person arrested.   p. 549.

6. ARREST.—*Arrest by peace officer held lawful without a warrant.*—An arrest by a deputy sheriff was lawful when the officer followed the person arrested as he drove an automobile from the country to the city after dark, and having stopped the driver to call his attention to the fact that his tail-light was not burning, saw a keg in the automobile, which the driver said contained whisky.   p. 549.

7. SEARCHES AND SEIZURES.—*Looking into automobile on the highway does not constitute a "search."*—The act of an officer in looking into an automobile on the highway does not constitute a "search" in either a legal or colloquial sense.   p. 549.

8. SEARCHES AND SEIZURES.—*Search of automobile lawful after arrest of accused for violating automobile law.*—Where the defendant was lawfully arrested for a violation of the automobile law, the officer making the arrest had the right to search the automobile in which the accused was riding at the time of the arrest, without a search warrant. p. 549.

9. CRIMINAL LAW.—*Keg and contents, found in automobile after lawful arrest of driver, held competent evidence.*—In a prosecution for unlawfully transporting intoxicating liquor in an automobile (§2720 Burns 1926), a keg and its contents, found in the automobile after the arrest of the driver for a misdemeanor committed in the officer's presence, constituted competent evidence. p. 550.

10. CRIMINAL LAW.—Sufficiency of evidence will not be reviewed on appeal where cause must be remanded for a new trial. p. 550.

From St. Joseph Superior Court; *Lewis W. Hammond,* Judge.

Adam Koscielski was convicted of unlawfully transporting intoxicating liquor in an automobile, and he appeals. *Reversed.*

*George Sands,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L. Gause,* Deputy Attorney-General, for the State.

GEMMILL, J.—An indictment found by the grand jury of St. Joseph county charged the appellant with unlawfully and feloniously transporting intoxicating liquor in an automobile, in violation of §7, ch. 48, Acts 1925 p. 146, §2720 Burns 1926. After waiving his right to trial by a jury, he was tried by the court. The court found that he was guilty as charged. The overruling of his motion for a new trial is the only error assigned, which is presented.

He waived arraignment and pleaded not guilty. He later asked leave to withdraw his plea, which was granted. He then filed a motion to quash the 1-4. indictment, which was overruled. The record does not show that a plea was thereafter entered. The record contains the following statement: "Comes

now the State of Indiana by Harry S. Taylor, Prosecuting Attorney, and comes also the defendant herein, and this cause being at issue, is submitted to the court for trial." · It is the contention of appellant that as it is not shown by the record that appellant entered a plea, after the ruling on the motion to quash, the cause was not at issue when tried. The plea forms the issue to be tried, without which there is nothing before the court or jury for trial. *Andrews* v. *State* (1925), 196 Ind. 12, 146 N. E. 817. Under the provisions of the Criminal Code, it is error to proceed with a trial without a plea. *McJunkins* v. *State* (1858), 10 Ind. 140; *Rockey* v. *State* (1862), 19 Ind. 225; *Graeter* v. *State* (1876), 54 Ind. 159; *Tindall* v. *State* (1880), 71 Ind. 314; *Bowen* v. *State* (1886), 108 Ind. 411, 9 N. E. 378; *Hicks* v. *State* (1887), 111 Ind. 402, 12 N. E. 522; *Pritchard* v. *State* (1920), 190 Ind. 49, 127 N. E. 545; *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103; *Hatfield* v. *State* (1894), 9 Ind. App. 296, 36 N. E. 664; *Miller* v. *State* (1901), 26 Ind. App. 152, 59 N. E. 287. In *Tindall* v. *State, supra,* the entry of the clerk upon the order-book stated that the issues being joined, the cause was submitted to a jury; and the court held that whether or not the issues were joined could only be determined from the pleadings themselves. The court further said that if it were to be assumed that some plea was interposed on which issue might have been joined, it would be impossible to· ascertain from the record the nature or character of the plea, unless it should be inferred from the evidence given on the trial, and it would seem, on general principles, that the evidence could not be resorted to in order to determine the condition of the record as to the pleadings. In *Hatfield* v. *State, supra,* the facts were similar to those in the instant case. The defendant withdrew his plea of not guilty and moved to quash the indictment. His motion was overruled and he proceeded to trial without plead-

ing again.   It was decided that as there was no issue, the verdict convicting the defendant was contrary to law. An assignment as a cause for a new trial that the finding of the court is contrary to law, is sufficient to present the question that the trial was had without a plea. *Sabo* v. *State, supra,* and cases therein cited.   The finding of the court was contrary to law, and the defendant was entitled to a new trial.

It is claimed by appellant that there was error in the admission of evidence, which he contends was procured by an unlawful search and seizure.   The testimony of a deputy sheriff of St. Joseph county, who was the only witness, shows that he was informed that appellant was transporting intoxicating liquor to South Bend from a place about ten miles northeast thereof.   Acting upon that information, the officer went to the place described to him, on the night of September 10, 1925, where he saw the appellant load a keg into an automobile, and followed him into the city, where he stopped him and asked him about the light on the rear of his automobile, which light was not burning. Appellant was then committing a misdemeanor, as he was violating the law in regard to the regulation of motor vehicles.   The officer saw a keg which was in plain view in appellant's automobile and asked him what it contained.   The appellant said he had whisky. The officer immediately placed him under arrest and then seized the keg and its contents.   The officer did not have a search warrant or a warrant for his arrest. A peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being or has been committed by the person arrested.   *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *Murphy* v. *State* (1926), 197 Ind. 360, 151 N. E. 97.   The arrest was lawful.   It is not a search

in any legal or colloquial sense for an officer to look into an automobile standing on the road side. *Boyd* v. *United States* (1923), 286 Fed. 930. The automobile of appellant, according to the undisputed evidence, was not searched until after his arrest. After the lawful arrest of appellant, as incident to same, the officer had a right to search the automobile in which the accused was riding at the time of the arrest, without a search warrant. *Dailey* v. *State* (1924), 194 Ind. 683, 144 N. E. 523; *Haverstick* v. *State* (1925), 196 Ind. 145, 147 N. E. 625; *Jameson* v. *State* (1925), 196 Ind. 483, 149 N. E. 51. The evidence, to which exceptions were taken, was competent.

Objection was made by appellant to the introduction in evidence of a keg of "moonshine whisky" taken from his automobile. The reason stated in the record for objecting is not the reason set forth in appellant's brief. The latter reason cannot be considered. The keg and its contents were taken from appellant by virtue of a lawful seizure, and same constituted competent evidence.

The sufficiency of the evidence is questioned by appellant. As the cause must be remanded for a new trial, the evidence will not be reviewed.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.