ENLOW *v.* STATE OF INDIANA.

[No. 29,077.   Filed March 25, 1955.]

*James L. Puckett, Sr.,* and *William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Robert L. Sheaffer,* Deputy Attorney General, for appellee.

LEVINE, J.—Appellant was charged by affidavit with the crime of second degree burglary. He was tried by the Marion Criminal Court, Division One, on a plea of "not guilty," found guilty as charged, and sentenced to two to five years in the Indiana State Prison.

Appellant avers error in the trial court's overruling of his motion to suppress and strike from the record evidence of certain contents of his automobile. Evidence procured in the search of appellant's home was ruled out by the trial court on appellant's objection.

The evidence introduced by the State established the following facts: The Cardinal Tavern was burglarized about 2:00 a.m. on January 27, 1953. Appellant had been served in the tavern about 10:00 p.m. the preceding night, and had been seen five or six blocks away in an automobile about midnight, the same night. Appellant lived within a mile of said tavern. The police, upon discovering these facts, conducted a search for appellant and his automobile. The police discovered that appellant was not at his home around 3:00 a.m., but they came back later and arrested him about 6:00 a.m. The police thereupon conducted a search of appellant's home, and also his automobile, which was parked behind the garage and partially in the alley

behind his home. Certain currency was found in appellant's house and certain tools were discovered in his automobile. At the time of making the arrest, the police had neither a warrant for appellant's arrest nor a search warrant authorizing them to search his home and car.

The trial court, upon proper motion, ruled out the evidence discovered in the search of the home, but admitted evidence discovered in the search of the automobile. Appellant urges that the search and seizure of his home and automobile, under the circumstances above related, violated his constitutional rights guaranteed by Article 1, §11, of the Constitution of Indiana.

Appellee contends that this case is within the facts of *Pettit* v. *State* (1935), 207 Ind. 478, 188 N. E. 784, wherein the court held that the search of an automobile is legal if made incidental to a lawful arrest, or if there is probable cause for believing that the automobile was used in the commission of a felony.

"Evidence procured by an officer by unlawful search and seizure is not admissible against a defendant. *Batts* v. *State* (1924), 194 Ind. 609, and cases there cited. But it has been held that a peace officer may arrest without warrant where he has reasonable and probable cause for believing that a felony is being or has been committed by the person arrested. *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850." *Burnett* v. *State* (1927), 199 Ind. 49, 52, 155 N. E. 209.

The question then presented here is, did the officers have reasonable and probable cause to believe that appellant had committed the burglary, or that the automobile had been used in the commission of the burglary?

After a full and careful consideration of the evidence set out in the record, we are convinced that it fails to

show that the officers had either reasonable or probable cause for arresting appellant or searching his automobile. *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62; *Morgan* v. *State* (1926), 197 Ind. 374, 151 N. E. 98; *Boyd* v. *State* (1926), 198 Ind. 55, 152 N. E. 278; *Edwards* v. *State* (1926), 198 Ind. 170, 152 N. E. 721.

"It is a general rule of law that an unlawful arrest cannot be the foundation of a lawful search, nor will the information obtained by an unlawful search alone, furnish the basis for a lawful arrest. Where the arrest or search is unlawful to begin with it is not made lawful by that which afterwards takes place. *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23; *United States* v. *Slusser* (1921), 270 Fed. 818 . . . ." *Boyd* v. *State* (1926), 198 Ind. 55, 59, 60, 152 N. E. 278, 279, *supra*.

The arrest having been unlawful, the search made incident thereto was also unlawful and in violation of appellant's rights, under Article 1, §11, of the Constitution of Indiana, and the trial court erred in admitting the evidence resulting from such search.

Judgment reversed, with instructions to grant appellant's motion for a new trial.

Achor, Bobbitt, and Emmert, JJ., concur.

Henley, C. J., not participating.

NOTE.—Reported in 125 N. E. 2d 250.