## JOHNS v. STATE OF INDIANA.

[No. 29,275.   Filed May 23, 1956.]

*Rice & Cheatham, Marion J. Rice, Bert C. Cheatham, Jack N. Van Stone* and *Wilbur Dassel,* all of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Harriette Bailey Conn,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal in forma pauperis from a judgment on a verdict finding appellant guilty of robbery as charged in an affidavit, upon which he was sentenced to the Indiana State Prison for a term not less than ten (10) nor more than twenty-five (25) years, and disfranchised and rendered incapable of holding any office of trust or profit for a term of five (5) years. The only assigned error not waived concerns the ruling of the trial court in overruling appellant's motion to suppress certain evidence.

The evidence heard on this motion is properly in the record by a special bill of exceptions, and we have carefully examined it. From it the trial court had the right to find the search of appellant's hotel room occurred as follows:

About 10:25 P.M. on May 17, 1954, Lee Scholem, a clerk at the Sycamore Liquor Store in Evansville, was held up by a man with a gun who took from him $120.30 in money. The victim at once called the police department and officers came to the store, and Scholem gave

them a description of the robber, which was at once broadcast by police radio. Two officers in a garage nearby saw a tan colored Chevrolet drive down an alley at a high speed. They pursued, but lost the car, but they found skid marks where the car had turned a corner. They heard the broadcast of the robbery and description, and discovered the car on a parking lot of the Lincoln Hotel. The engine was hot, and they informed other officers what they had found. Further investigation by the officers disclosed that the car was owned by the Hertz-U-Drive It System, and had been rented to appellant.

During the investigation the officers were exchanging information with each other, and they found a man by the name of Johns had registered in the Lincoln Hotel in room number 223, and the room clerk gave the officers his description. A number of officers went to Room 223, and Sergeant McCarthy knocked on the door. When appellant came to the door he was asked if he were Raymond Frederick Johns, and he said he was. Sergeant McCarthy then arrested him for the robbery, and the police officers searched the room and found a loaded .38 snub-nosed revolver, a shoulder holster, the victim's pocketbook behind a radiator, and the victim's money in a dresser drawer.

It is settled law that "A peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being or has been committed by the person arrested. *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *Murphy* v. *State* (1926), 197 Ind. 360, 151 N. E. 97." *Koscielski* v. *State* (1927), 199 Ind. 546, 549, 158 N. E. 902. The trial court had the right to find the arrest was lawful, and therefore the search of the hotel rooms was proper

as an incident to the lawful arrest. *Connell* v. *State* (1939), 215 Ind. 318, 19 N. E. 2d 267. There was no error in overruling the motion to suppress.

Judgment affirmed.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 552.