WAGNER *v.* STATE OF INDIANA.

[No. 30,798. Filed January 25, 1968.]

458

*Don R. Money*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Kenneth M. Waterman*, Deputy Attorney General, for appellee.

MOTE, J.—Frank Wagner, Appellant, was charged by affidavit filed in Division Two of the Marion County Criminal Court with the crime of "Violation of the 1935 Narcotic Act, (as amended)," "Count One." Omitting the formal parts, said affidavit was as follows:

"BE IT REMEMBERED, that, on this day, before me, Noble R. Pearcy, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came William Owen, who being duly sworn, upon his oath says that Frank Wagner, on or about the 5th day of December, A.D. 1964, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously have in his possession and under his control a narcotic drug, to-wit: HERION, and was not authorized by any law of the United States of America or the State of Indiana to have such narcotic drug in his possession or under his control. That the said Frank Wagner has been heretofore convicted of the offense of selling narcotic drugs in violation of the laws of the United States of America, such conviction being on the 19th day of February, 1959, Cause No. IP 58-CR-140 in the United States District Court, Southern District of Indiana, Indianapolis Division, then and there being contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Indiana."

Thereafter, on March 2, 1965, after having waived arraignment and a plea of not guilty, Appellant filed a "Verified Motion to Suppress and Reject Evidence," upon which Motion evidence was heard and thereafter said Motion was overruled.

Trial to the court was then had, at the conclusion of which attorneys for both sides waived argument and the court found the Appellant, twenty-nine years of age, guilty as charged. Precommitment investigation was ordered and sentencing was set for April 2, 1965. The court, by modification and correction, sentenced Appellant to the Indiana State Prison for an indeterminate sentence of five (5) to twenty (20) years.

A Motion for New Trial was filed below and overruled, resulting in this appeal. Overruling of said Motion is the only error assigned in this Court and so far as we have been able to decipher his brief, Appellant urges but one proposition, as follows:

"The decision of the Court is contrary to law.

(a) The Court erred in overruling and denying the 'Motion to Suppress and Reject Evidence' filed herein and in thereafter admitting such evidence against the defendant.

The statues for which this proposition has been urged is as follows:

'The Court shall grant a new trial to the defendant for the following causes, or any of them:

. . . Ninth. When the . . . finding of the Court is contrary to law or is not sustained by sufficient evidence (citations)."

The basic, underlying question involved in this appeal is whether Appellant was lawfully arrested. If he were lawfully arrested, the evidence found upon him during search was properly obtained and admissible into the evidence at the trial of the issues. Furthermore, the trial court's ruling on

the Motion to Suppress and Reject such Evidence necessarily would be correct. What are the circumstances of the arrest, as reflected by the record? One Dennis, "who had been arrested for narcotics violations on previous occasions," and one Simms informed the arresting officer three days prior to the arrest "that the Appellant was peddling heroin"; that about 20 to 25 minutes before said arrest, the said officer received a telephone call at his home from Dennis in which he stated to said officer "that he had just purchased heroin from the Appellant and that Appellant had heroin in his possession in a certain barbershop and was just about ready to leave the barbershop."

The officer and Dennis had talked on the telephone several times on prior occasions and the officer knew the voice of Dennis. The arresting officer testified that he did not have ample time to go to Police Headquarters to get a warrant. Arrangements were made between the officer and Dennis for the latter to station himself at a nearby corner and to nod his head indicating whether Appellant still remained in the barbershop as the officer passed by. Said officer then went to the barbershop after receiving the proper sign from Dennis and without either an arrest warrant or a search warrant, he arrested Appellant and searched him.

There was no apparent or overt law violation at the time of the arrest and it may be said that the arrest was based on the information and the reliability of Dennis who, on previous occasions, had served the arresting officer.

The traffic in narcotics has been increasing to such an extent that "informers" often have been used to furnish police officers and others engaged particularly in the enforcement of narcotics laws. Such use has been approved by the courts and especially in our own State.

Consequently, if the information is of a reliable nature and such as to induce action, as here, and particularly when the suspect, as here, has a record of trafficking illegally in nar-

cotics, the procedure employed has had the approval of our courts.

In *Johns* v. *State* (1956) 235 Ind. 464, 134 N. E. 2d 552, the police officers were furnished with a description of a robber who had held up a liquor store. Two officers in a garage nearby saw a tan colored Chevrolet drive down an alley at high speed. They pursued, but lost the car; they found skid marks where the car had turned a corner. They heard the broadcast of the robbery and description and discovered the car on a parking lot of a hotel. The engine was hot and they informed other officers of what they had found. Further investigation disclosed that the car was owned by Hertz and had been rented to appellant. During the investigation and exchange of information between the officers, they found a man by the name of Johns registered in Room 223 of the Lincoln Hotel and the room clerk gave the officers his description, whereupon, a number of the officers proceeded to Room 223, knocked on the door and when the appellant came to the door, he was asked if his name were Raymond Frederick Johns. Upon receiving an affirmative answer, Johns was arrested, a search made, and they found a loaded 38 snub-nosed revolver, a shoulder holster and the victim's pocketbook and money in a dresser drawer. This Court said:

"It is settled law that 'A peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being, or has been, commit by the person arrested. *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *Murphy* v. *State* (1926), 197 Ind. 360, 151 N. E. 97.' *Koscielski* v. *State*, 1927, 199 Ind. 546, 549, 158 N. E. 902, 904. The trial court had the right to find the arrest was lawful, and therefore the search of the hotel room was proper as an incident to the lawful arrest. *Connell* v. *State*, 1939, 215 Ind. 318, 19 N. E. 2d 267. There was no error in overruling the motion to suppress."

Appellant contends that the rule in *Enlow* v. *State* (1955) 234 Ind. 156, 125 N. E. 2d 250, and other cases, apply to his

case and the facts established. In the *Enlow* Case, this Court said:

> "After a full and careful consideration of the evidence set out in the record, we are convinced that it fails to show that the officers had either reasonable or probable cause for arresting appellant or searching his automobile. *Eiler* v. *State*, 1925, 196 Ind. 562, 149 N. E. 62; *Morgan* v. *State*, 1926, 197 Ind. 374, 151 N. E. 98; *Boyd* v. *State*, 1926, 198 Ind. 55, 152 N. E. 278; *Edwards* v. *State*, 1926, 198 Ind. 170, 152 N. E. 721."

Thus, it may be determined that the validity of an arrest without a warrant depends upon the facts established in each individual case. Reasonable or probable cause must be established. In the case on appeal, the trial court heard considerable evidence prior to the trial on the issues joined on the Motion to Suppress and Reject Evidence and in our view, sufficient evidence was introduced at the hearing on said Motion to permit the trial court lawfully to overrule the same, thus allowing the introduction in to the evidence at the trial the items found in Appellant's possession at the search following arrest. The trial court's ruling on the Motion constituted an adjudication of the validity of Appellant's arrest without warrant and the accompanying search in which it was discovered that he had heroin in his possession. The trial court was entitled to adjudicate this matter and there is ample evidence in the record to sustain the ruling and the judgment entered. Finding that there was no demonstrated error as presented by Appellant, the judgment of the trial court is sustained.

Judgment affirmed.

Lewis, C. J., Arterburn and Hunter, JJ. concur; Jackson J. dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I am unable to agree with the majority opinion herein and dissent thereto.

The majority opinion correctly points out that "The basic, underlying question involved in this appeal is whether Appellant was lawfully arrested." The majority of the court is of the opinion that the arrest was lawful and that the motion to suppress the evidence was properly overruled; therefore, all of the evidence admitted by the court was proper and competent. It is to this facet of the case that this dissent is directed.

First let us refer to the Verified Motion to Suppress and Reject Evidence, which, omitting formal parts, reads as follows, to-wit:

"Comes now the defendant in the above entitled cause, by counsel, and respectfully moves the Court to suppress, reject and exclude any and all evidence in said cause, and any and all exhibits offered in evidence in said cause, obtained and seized at the time of the defendant's arrest, and to reject and disregard the same, on the following grounds and for the following reasons, to-wit:

(a) That at the time defendant was arrested and searched, the arresting officers—

1. Did not see defendant commit any misdemeanor in their view; and

2. The arresting officers did not have a warrant for the arrest of defendant or a search warrant for his person; and

3. The arresting officers did not have reasonable and probable cause to believe that defendant had committed a crime, and the arresting officers were not in pursuit of a felon and did not have reasonable grounds to believe or anticipate that a felony had been committed or was being committed in the immediate area or surrounding neighborhood where defendant was arrested, and the appearance, presence and description of defendant did not in any manner coincide with or bear any striking similarity to any facts or circumstances that might or could have given rise to reasonable belief that defendant was either connected with the commission of a felony, or that he was a felon whom they were in pursuit of or that he was a felon whose description bore a likeness to, or was confusingly similar to that of a known felon; and there was a total absence of reasonable and probable cause to believe that defendant had committed a felony.

4. The constitutional rights of the defendant herein were violated in that he was illegally searched at the time of said illegal arrest and the result of said illegal search resulted in the seizure of certain articles and personal property, all of which was the result of said illegal search which was in direct violation of and contravention of his constitutional rights with reference to the due process clause and equal protection clause of the 4th and the 14th Amendment of the Constitution of the United States, and the applicable provisions of the Indiana Constitution.

WHEREFORE, defendant, Frank Wagner, respectfully prays this Honorable Court that the arrest of defendant and the subsequent search of defendant be declared illegal, null and void, and that the resulting seizure of said personal property from defendant's person be therefore declared null and void, and of no force and effect, and that the same be suppressed and rejected in evidence, and that the same be ruled to be incompetent for reason of the illegal arrest and subsequent illegal seizure of same and for all other further, proper and complete relief in the premises."

The arresting officer, Sgt. William Owen, readily admitted that at the time he arrested the appellant herein he did not have a warrant for his arrest and that the appellant did not commit any law violation in his presence. Sgt. Owen stated that at the time of the arrest, he did not know whether or not the appellant had heroin. He testified he personally knew of no facts that would be grounds for the arrest of appellant.

The officer attempted to justify the arrest without warrant and without having seen any law violation on the part of the appellant by stating that he did not have time to procure a warrant after his "reliable informant," Ronald Dennis, advised him of the sale of heroin by the appellant. Yet this same officer testified that two of his "reliable informants," Manuel Simms who was a junkie and Ronald Dennis who has a record of some length as shown by the record herein, told him approximately three days before he arrested the appellant that appellant was peddling heroin. Are we to assume the two "reliable informants" were less reliable approximately three days before the arrest in the case at bar? Was the in-

formant Ronald Dennis more reliable on the day the arrest was made without warrant than the two were three days before such arrest?

William Owen, the policeman, testified that the pictures and records set out in Defendant's Exhibits "A," "B," "C" and "D" pertain to and were the records of Ronald Dennis, the same person he had identified in his previous testimony. Copies of above Exhibits "C" and "D" are appended hereto, and made part hereof.

I deem it unnecessary to further belabor the situation apparent in this case. The "reliable informer" of years standing has been the stoolie of the arresting officer for 4 or 5 years according to the officer's sworn testimony. The stoolie's record is unsavory, to say the least, having been convicted of the illegal sale of narcotics in the District Federal Court and sentenced to twenty years (Ex. C). His other record (Ex. D) does not help the case or the *reliability* of the informant.

Further, in my opinion, the court committed reversible error in denying the motion to suppress the evidence. The cause should be reversed and remanded with instructions to grant the defendant's motion for a new trial and to suppress the evidence.

## APPENDIX

*DEFENDANT'S*
*EXHIBIT C*

ADD 608292 C      CHIEF OF POLICE      DEC. 26 1962

NARCOTIC CASE COURT DISPOSITION

ATTENTION: JONES RA AND OWENS WE

ON 12/19/62 IN FEDERAL COURT JUDGE STECKLER PRESIDING, RONALD KENT DENNIS COL/24 OF 2120 HIGHLAND PLACE ENTERED A PLEA OF GUILTY TO VIOLATION OF SECTION 26 US CODE 4705 UNLAWFUL SALE OF NARCOTICS AND WAS SENTENCED TO 20

YEARS FEDERAL PENITENTIARY TERRE HAUTE IND. THIS SENTENCE IS SUBJECT TO ADJUSTMENT AFTER 90 DAYS THIS IS FINAL COURT DISPOSITION.

DET SGT JONES RA

WRITTEN 8:35 AM
JONES SL

## APPENDIX

## *DEFENDANT'S EXHIBIT D*

INDIANAPOLIS POLICE DEPARTMENT      CRIMINAL HISTORY
NAME     RONALD KENT DENNIS I.P.D. #131345   I.S.P. #142719   F.B.I. #47 570 C

| CASE NUMBER | DATE | OFFENSE | DISPOSITION | DATE |
|---|---|---|---|---|
| | | | 19/ L 32 000 13 I 12 OMO | |
| 396307 **B** | 9/13/55 | 2nd Deg Burg | 1 yr ISF | 9/15/55 |
| ISF Greencastle Ind. | 9/16/55 | 2nd Deg Burg | $18 1 yr | |
| 51585-C | 8/8/56 | D O P | $5 & C | 8/30/56 |
| 119789-C | 4/1/57 | Pre Burg | Nolle | 4/8/57 |
| | 1/17/58 | False Registration     Appealed | Bond Forf. $100 & C 30 das MCJ | 3/6/58 2/11/58 |
| | 1/17/58 | Entering room of opp sex | $25 & C 30 das MCJ | 2/11/58 |
| . | 1/17/58 | D O C | No Aff | 2/11/58 |
| 207910-C | 5/13/58 | Grand Larc. Capias | Red to PL $1 & C 1 yr      ISF | 7/24/58 |
| 352174-C | 2/10/60 | D O C | $1 & C 10 das MCJ | 2/11/60 |
| 390466-C | 7/23/60 | Pre Larc. | Dism | 7/29/60 |
| 390466-C | 7/29/60 | Grand Larc.    BOCC | ISF GP to PL $100 & C 6 mos. | 2/21/62 |
| 467195 | 5/21/61 | Pre 3rd Deg Burg | Nolle | 5/22/61 |
| 162848-C | 5/22/61 | Viol Muffler Law | | |
| 490224-C | 8/20/61 | Drunk | No Aff | 8/21/61 |
| 490224-C | 8/20/61 | D O P | $10 & C 2 das MCJ | 8/21/61 |
| 577319 C | 8/14/62 | Pre. Burglary | No Affd. | 8/15/62 |

See Reverse Side

NOTE.—Reported in 233 N. E. 2d 236.