STATE OF INDIANA *v.* JOHN ROBERT PORTER, DANIEL OSCAR LYBROOK, STANLEY EDWARD WORTH, LINDA MARIE AZAR.

[No. 2-974A127.  Filed March 27, 1975.]

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellant.

*E. Kent Moore,* of Lafayette, *Stephen Bower,* of Kentland, *John T. Million,* of Monticello, *James Gardner,* of Fowler, for appellees.

ROBERTSON, C.J.—The State appeals action taken by the trial court in granting a motion to suppress evidence. The two issues as presented by the State are:

"1. Whether the seizure of marijuana lying unconcealed in the yard of a house is the result of a search and requires a search warrant to be valid.

2. Whether defendants in a 'possession' case who do not establish that they were legitimately present on certain premises have standing to allege an unconstitutional search of the premises."

For the reasons stated hereafter, the trial court's action is affirmed.

The pertinent facts disclose that defendants-appellees (Porter, Lybrook, Worth, Azar) were present at a house, located in a rural area, which was rented to "John Ralph". The lessor of the property, while in an adjoining field, observed what he thought was the processing ("stripping") of marijuana. The police were informed, and the suspicious activities were observed, with the aid of binoculars, from a residence some two hundred yards away.

After observing the "stripping" operation for approximately thirty minutes, one police observer departed to obtain a search warrant while several others remained to continue surveillance. The defendants' activities continued until a warrant was obtained, and police then entered the premises. Upon entry, the warrant was read, the house and grounds were searched, various items were seized, and arrests were made.

Subsequently, the parties stipulated that the warrant was

invalid, and Lybrook's motion to suppress was sustained after oral and written argument to the court.

At the outset, it should be noted that we do not agree with State's presentation of the essential issues. The State has presented and argued the question as one which is decided by a consideration of the "plain view" doctrine. Similarly, Porter, Worth, Lybrook and Azar contend the use of binoculars was a search, and clearly not "plain view".

In our opinion, the observations by police, in this case do not fall within the "plain view" doctrine as stated in *Coolidge* v. *New Hampshire* (1973), 403 U.S. 443, and *Ludlow* v. *State* (1974), 262 Ind. 266, 314 N.E.2d 750.[1] However, this conclusion is not determinative of the question presented.

By arguing "plain view" attention is diverted from the central question: whether entry under authority of an invalid warrant can later be justified by reliance on related but distinct theories of law or evidence.

It is clear from the record that although Porter and the others were observed for over three hours, there was no attempt to remove, conceal or destroy the marijuana. It is equally clear that police entered the premises for the express purpose of executing the search warrant.

"It is well established that a judicially issued search warrant is a condition precedent to a valid search and seizure except under a very few, narrowly drawn exceptions, where the exigencies of the situation mandate an immediate response." *Katz* v. *United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576.

---

1. In *Coolidge* the Supreme Court limited application of the plain view doctrine to specific instances. 1. Where police are conducting a lawful search, and 2. Where police are legitimately present for reasons other than a search; e.g. "hot pursuit". In either case, plain view is limited to evidence which is discovered inadvertently.

In the present case, the police knew of the existence and exact location of the marijuana *before* they entered the property.

Further, the initial binocular observation was not plain view as we perceive it. The observations from two hundred yards away were not such as would fall within the limits established in *Coolidge*. Rather, the binoculars were used in an attempt to identify and confirm possible

"Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause." *Agnello* v. *United States* (1925), 269 U.S. 20, 33, 46 S.Ct. 4, 6, 70 L.Ed. 145. *Ludlow, supra,* at 751, 752.

It is also settled that the nature of the objects to be seized does not automatically dispense with established warrant procedure. *State* v. *Dusch* (1972), 259 Ind. 507, 289 N.E.2d 515; *Ludlow, supra.*

The evidence shows that there were no exigent or extraordinary circumstances which would support a warrantless seizure. The State contends, however, that the validity of the warrant is immaterial in light of what was observed in "plain view" before entry was made. We cannot agree.

We have already stated that the observations were not what we consider "plain view".[2] Further, it is evident that notwithstanding what the officers observed, they entered the premises under authority of a search warrant, for the announced purpose of seizing that which they already knew existed. The purpose for entering was not to arrest, at least not initially.

"It is a general rule of law that an unlawful arrest cannot be the foundation of a lawful search, nor will the information obtained by an unlawful search alone, furnish the basis for a lawful arrest. Where the arrest or search is unlawful to begin with it is not made lawful by that which afterwards takes place. *Batts* v. *State* (1924), 194 Ind. 609, 144 N.E. 23; *United States* v. *Slusser* (1921), 270 Fed. 818. . . ." *Boyd* v. *State* (1926), 198 Ind. 55, 60, 152 N.E. 278, 279. *Enlow* v. *State* (1955), 234 Ind. 156, 125 N.E.2d 250.

The arrests in this case were made on the basis of an unlawful search and seizure, and that fact cannot be altered by

---

unlawful acts. We make no decision as to the propriety of the binocular observations beyond holding that such conduct is not properly categorized as "plain view".

2. This holding applies to both the initial observations made with the aid of binoculars and to the observations by police after they entered the property.

reliance on what the police could have done, or by reliance on how police conducted themselves before or after the improper entry and seizure.

The second issue was also properly decided by the trial court. On appeal, however, the State contends that even in light of *Jones* v. *United States* (1960), 362 U.S. 257, there was no proof that Worth and the others were legitimately on the premises, and therefore they had no standing to object to the seizure. Much emphasis is placed on the fact that the premises was rented to "John Ralph".

While the holdings of *Jones* have been tempered by subsequent decisions,[3] the standards for "standing" retain some validity.

The *Jones* decision established the following:

"Two separate lines of thought effectively sustain defendant's standing in this case. (1) The same element in this prosecution which has caused a dilemma, i.e., that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged. (2) Even were this not a prosecution turning on illicit possession, the legally requisite interest in the premises was here satisfied, for it need not be as extensive a property interest as was required by the courts below." As to "(2)" above, the Court further held:

"As a second ground sustaining "standing" here we hold that petitioner's testimony on the motion to suppress made out a sufficient interest in the premises to establish him as a "person aggrieved" by their search. That testimony established that at the time of the search petitioner was present in the apartment with the permission of Evans, whose apartment it was."

Even though the premises was rented to "John Ralph", we hold that Worth, Azar, Lybrook and Porter had standing to object to the evidence seized. *See also: Paxton* v. *State* (1970), 255 Ind. 264, 263 N.E.2d 636.

For discussions of plain view, and the use of binoculars, *see* 29 L.Ed. 2d 1067; 48 A.L.R. 3rd 1178.

3. *See: Simmons* v. *United States* (1968), 390 U.S. 377; *Brown* v *United States* (1973), 411 U.S. 223.

To the extent consistent with this opinion, the judgment of the trial court is affirmed and accordingly we deny the appeal.

Lowdermilk and Lybrook, JJ., concur.