## DONCASTER *v.* STATE OF INDIANA.

[No. 24,660. Filed May 13, 1926.]

1. INTOXICATING LIQUORS.—*Indictment charging transportation of intoxicating liquor in automobile in language of the statute is sufficient.*—An indictment charging the transportation of intoxicating liquor in an automobile in the language of the statute is sufficient. p. 636.

2. SEARCHES AND SEIZURES.—*Officer having no knowledge of any violation of the law by the driver of an automobile is not authorized to arrest the driver, drag him from the vehicle and search him or the automobile.*—An officer having no knowledge of any violation of the law by the driver of an automobile is not authorized to stop the machine, arrest the driver, drag him from the vehicle and search him or the automobile. p. 639.

3. SEARCHES AND SEIZURES.—*Where a search was unlawful in its inception, it cannot be made lawful by what is learned thereafter.*—Where a search was unlawful in its inception, it cannot be made lawful by what is learned thereafter. p. 639.

4. INTOXICATING LIQUORS.—*Evidence that defendant was unlawfully transporting intoxicating liquor in an automobile, obtained by unlawfully stopping truck being driven along highway, arresting the driver and then searching the machine, could not be made lawful by the fact that intoxicating liquor was found therein.*—Evidence that defendant was unlawfully transporting liquor in an automobile, obtained by unlawfully stopping a truck that was being driven along a highway, arresting the driver, and then unlawfully searching him and the machine, could not be made lawful by the fact that intoxicating liquor was found therein. p. 639.

From Marion Criminal Court (55,754); *James A. Collins*, Judge.

Ben Doncaster was convicted of transporting intoxicating liquor in an automobile, and he appeals. *Reversed.*

*Emsley W. Johnson, Ryan, Ruckelshaus & Ryan, T. Ernest Maholm* and *W. F. Elliott,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by indictment with having unlawfully and feloniously transported intoxicating liquor in an automobile (ch. 34, Acts 1923 p. 108). The court rendered judgment which imposed a fine of $1,000, and that appellant be imprisoned in the Indiana State Prison for not less than one year nor more than two years, upon the finding of guilty.

Appellant appeals and alleges errors committed by the trial court: (a) In overruling his motion to quash the indictment; (b) in overruling his motion to suppress certain evidence obtained by unlawful search and seizure; and (c) in overruling his motion for a new trial.

The indictments in this case and in *Morgan* v. *State* (1926), *ante* 374, 151 N. E. 98, were based upon the same statute, and worded alike. The objections to the indictment in the case at bar asserted by the motion to quash are identical with the objections made to the indictment in the case referred to. Upon the reasoning and decision concerning the indictment in the Morgan case, as challenged by the motion to quash the indictment, we hold the indictment good in the case at bar.

1.

After arraignment and before the submission of the case for trial, appellant filed his verified motion to suppress the evidence of the sheriff and deputy sheriffs, concerning all matters and information discovered and

obtained by reason of or growing out of and resulting from said unlawful search and seizure; and to suppress all evidence that may be offered in the trial of the cause, the information concerning which was obtained, directly or indirectly, or which in any way resulted from the alleged unlawful search and seizure. A search warrant is not involved in this case, for the reason that none was issued. The alleged search and seizure was made without the authority of a warrant. The court overruled the motion to suppress evidence. The question presented will be considered under appellant's objection to questions, and motions to strike out evidence, during the progress of the trial, which objections and motions were overruled by the court, and are presented in a motion for a new trial.

The sheriff of Marion county, Indiana, as a witness on behalf of the state testified, that he saw appellant on the National road west of Indianapolis, about thirty minutes past 8 o'clock in the evening of December 14, 1923, at which time he was driving a truck east. On account of the speed at which the truck was moving, the sheriff turned around and overtook appellant in about a mile and one-half, when he turned his search light upon appellant. The sheriff asked what was in the truck, which question was not answered, and then the sheriff commanded appellant to open the front of the truck, to which appellant replied that it would not open because it was solid iron. The sheriff then took appellant out of the truck and searched him. After having searched appellant, and after going back to the truck, the sheriff asked him what kind of whisky was in the car. Appellant first refused to answer, and then answered, "Red whisky." The sheriff then placed appellant under arrest, and after having arrested him, proceeded to look in the truck. Appellant objected to the question asked the witness, "What if anything was

in the truck," because the sheriff (witness) obtained the information about which he was about to testify, without any authority from the defendant, and without right in law, and without warrant so to do. In reply to questions in support of the objection, the court permitted appellant to examine the witness, which examination elicited the evidence that the sheriff did not have a search warrant nor did any of the other officers who were with him, and that he had no actual knowledge of any liquor in the truck until after appellant was stopped on the road and taken from the truck. The front part of the truck was closed and the tail gate was fastened, but one could see through the crack between the tail gate and the top doors on the rear of the truck. The court overruled appellant's objection to the question and the witness (sheriff) answered, "I found four barrels of red liquor in the truck."

The deciding factor in this case, which rests upon the objection of appellant, is that appellant was driving a truck upon a public highway, where he had a legal right to be, and the sheriff, without warrant of arrest or search and seizure, interrupted the free passage of appellant, when appellant was not committing a misdemeanor or felony within the knowledge of the sheriff, and the sheriff had no intimation that appellant was then committing or had theretofore committed a felony for which he was liable to arrest. We do not here assert that the acts of the sheriff in dragging appellant from his vehicle and then searching him were illegal and criminal, but we are irresistibly led to the conclusion that had it not been for these unwarranted acts, the sheriff could not have interrogated appellant, when, as he testified, appellant shook with fear, and at which time he received the reply that the truck contained whisky.

To give a complete and final answer, it is best to

quote, that: "It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor and thus subject all persons lawfully upon the highways to the inconvenience and indignity of such a search. * * * But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise." *Carroll* v. *United States* (1924), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

The officer had no knowledge concerning appellant at the time he first saw him, or at the time he stopped appellant and dragged him from his truck, that 2-4. was a basis for probable cause to search appellant or his truck. What transpired thereafter cannot aid in making legal what was illegal before. The officer had no legal right to stop appellant, drag him from his vehicle and search him. When the search is unlawful in its inception, it is not made lawful by what was learned thereafter. *Morgan* v. *State, supra; Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 24; *Weeks* v. *United States* (1913), 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B 834, Ann. Cas. 1915C 1177. The objection to the question should have been sustained. The ruling was error. Appellant objected to other questions by the state for the same reason given for the objection just considered, which objections were overruled, and the witnesses permitted to answer. The alleged errors in relation to the rulings upon such objections need not be considered, inasmuch as the merits of such rulings are the same as the one considered. The motion for a new trial ought to have been granted.

Cause remanded and the trial court is ordered to sustain appellant's motion for a new trial.

Judgment reversed.