WRIGHT v. STATE OF INDIANA.

[No. 25,334. Filed January 12, 1928.]

1. ARREST.—*Detective not justified in shooting at person who had not been placed under arrest.*—A city detective, sent without a warrant by the chief of police to bring a certain person before the chief, was not justified in shooting at such person who, after starting to accompany the detective to the police station, attempted to escape by running down an alley. p. 619.

2. CRIMINAL LAW.—*Instruction as to jury considering both counts of affidavits held harmless where defendant convicted on one only.*—In a criminal prosecution on two counts of an affidavit, the giving of an instruction that the jury was to consider both counts was not reversible error, although there was no evidence in support of the second count, where the defendant was convicted on the first count alone. p. 620.

3. CRIMINAL LAW.—*Instruction as to verdict when more than one count held harmless, verdict of guilt being based on one count only.*—In a prosecution on two counts of an affidavit charging two different offenses, an instruction that the jury could find the defendant guilty "of the first count or . . . of both counts, . . ." or that it might bring in a general verdict without mentioning the counts, was not harmful where the defendant was convicted on only one count, which was based on ample evidence (*Wrench* v. *State*, 198 Ind. 61, distinguished). p. 620.

4. CRIMINAL LAW.—The credibility of witnesses and the inferences to be drawn from the facts proved are for the jury to determine. p. 621.

5. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain con-conviction for possessing intoxicating liquor.*—Evidence that a police officer, taking defendant to the police station, saw him take two bottles out of his pockets and throw them over a fence and remembered where they were thrown well enough that he later went and picked them up without searching, and identified them at the trial as the ones in possession of the defendant, was sufficient to sustain a conviction for having possession of intoxicating liquor, it being a moonlight night and the policeman could see the bottles distinctly. p. 621.

6. CRIMINAL LAW.—*Testimony that there was a warrant for defendant at police station charging rape not reversible error where answer was struck out.*—In a prosecution for possessing and transporting intoxicating liquor, permitting a witness for the state to testify that there was a warrant at the police station for the arrest of defendant on a charge of rape did not require a reversal where the court ordered the answer as to the charge struck out, though it should have directed the jury not to consider the answer. p. 621.

7. CRIMINAL LAW.—*Bottle of liquor sufficiently identified as one in possession of defendant.*—Where a bottle of intoxicating liquor was identified by a police officer as one that he had seen the defendant throw over a fence, it was admissible in evidence although another officer wrote the label thereon which stated that it was taken from the defendant. p. 622.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Lester Wright was convicted of unlawfully possessing intoxicating liquor, and he appeals. *Affirmed.*

*Edward R. Templer* and *Clarence E. Benadum,* for appellant.

*Arthur L. Gilliom*, Attorney-General and *Harry L. Gause*, Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was prosecuted upon an affidavit in two counts: (1) possession, (2) transportation of intoxicating liquor under Acts 1925 ch. 48, §4, (§2717 Burns 1926). He was tried by a jury, found guilty and sentenced on the first count, receiving a fine of $100 and sixty days imprisonment. The error relied upon by appellant is the overruling of his motion for a new trial, the several reasons for which are hereinafter discussed.

Appellant was convicted on the evidence of a plainclothes detective in the Muncie police department, (who was the only witness in the case except two other police officers who testified as to formal matters only connected with the marking and preserving of a bottle containing the liquor). The detective had instructions from the chief of police to bring appellant before him. Meeting appellant on the street, the detective said, "The chief wants to see you." Appellant asked what the chief wanted, and the detective said he did not know. They proceeded to walk together toward the police station. Coming to an alley, appellant broke and ran down the alley, the detective told him to stop or he would shoot, and he did shoot. Appellant stopped and threw some bottles over a fence. They proceeded to the station, the detective returned to the alley, in eight or ten minutes, looked around over the fence in a parking yard on the ground and found two bottles, one of which was broken. The bottles contained white mule whisky. The detective saw no other bottles around the yard.

The detective was not justified in shooting. He could have been justified only in the event he had placed, or was attempting to place, appellant under arrest for a felony. 2 R. C. L. 472. He had no right to shoot at a misdemeanant whom he had arrested

or sought to arrest who was merely fleeing but not re-
sisting, Note, 67 L. R. A. 300, and certainly he had no
right to shoot at one who, at the time, was not under ar-
rest and to whom he had stated that he did not know
why the chief wanted to see him.   Under such circum-
stances, a serious question might have been raised by
appellant as to the evidence procured as a result of the
detective's unwarranted act, but appellant raised no
such question.

Appellant contends there was error in giving instruc-
tion number one, which told the jury that they were to
consider both counts of the affidavit, because
there was no evidence in the record showing
transportation, (which was charged in the second
count).   The jury's verdict was upon the first count
alone, upon which there was evidence, and therefore the
error complained of was not injurious to appellant and
will therefore be regarded as harmless.   *Skaggs* v. *State*
(1886), 108 Ind. 53, 8 N. E. 695; *Coppenhaver* v. *State*
(1903), 160 Ind. 540, 67 N. E. 453; *Hines* v. *State* (1926),
197 Ind. 575, 150 N. E. 371.

Appellant contends there was error in giving instruc-
tion number two, which was in part as follows: "If
the evidence warrants it beyond all reasonable
doubt you can find the defendant guilty of the
first count or  . . .  of both counts  . . .  or
you can bring in a general verdict and not state the
counts," because it is quite similar to the instruction re-
ferred to in *Wrench* v. *State* (1926), 198 Ind. 61, 152 N. E.
274, 277, "which opens the door for the jury to return
what might properly be considered an omnibus verdict
without evidence to sustain it.  . . .  ."   In *Wrench*
v. *State, supra,* the jury brought in a general verdict on
three counts and the evidence did not support all three
counts, but, in the case at bar, as in *Hines* v. *State, supra,*
the instruction did not harm appellant, since the jury

returned a verdict on only one count, which count was based on ample evidence.

Appellant contends that the evidence is not sufficient to sustain the verdict as "there is no evidence to show that the appellant was actually in possession of 4, 5. or had control over any intoxicating liquors," and that the verdict is contrary to the evidence because "this officer endeavors to show an impossible thing in his testimony that these were the same identical bottles which appellant threw, although he was several feet from appellant and it was in the nighttime." The credibility of witnesses and the inferences to be drawn from the facts proved are for the jury to determine. The detective testified that he saw appellant take two bottles from his pocket and throw them over the fence, that it was a moonlight night and he was only about fifteen feet from appellant at the time, that he could see the bottles distinctly, that they were half pint bottles with metal tops on them; that he knew where they lay well enough so that he went and picked them up without searching and he identified the bottles on the witness stand as the ones possessed by the appellant and stated that they contained intoxicating liquor. We believe that the evidence was sufficient to sustain the verdict.

Appellant contends that the court erred in permitting the state's witness to testify that there was a warrant at the police station for the arrest of appellant, and 6. that the court erred in overruling his motion to discharge the jury after the state's witness had answered another question stating that the warrant was for rape. We do not see wherein the answering of the first question could have harmed appellant. The second question was answered before appellant made his objection. The trial court sustained the objection and directed that the answer be stricken out. The court did not, as it should have done, direct the jury not to con-

sider the answer which had been stricken out, but, since the court did direct that the answer be stricken out, we do not feel that the court's failure to take the added precaution suggested should have the extreme effect of arresting the cause and compelling the court to grant a new trial. See *Blume* v. *State* (1900), 154 Ind. 343, 56 N. E. 771; *Madden* v. *State* (1897), 148 Ind. 183, 47 N. E. 220.

Appellant objected to the state's offer of Exhibit A (the bottle of liquor) for the inspection of the jury because the exhibit was labeled by a different officer from the one who secured it—the label stating that it was taken from appellant, which statement appellant claims was hearsay by the person who wrote the label and not subject to cross-examination. Both officers testified and were cross-examined. The officer who made the statement that Exhibit A had been thrown over the fence by the appellant identified the exhibit as the bottle which had been possessed by appellant. The objection is therefore without merit, regardless of the effect of the court's direction to the jury that "they may examine the bottle and smell of the contents and not read the label."

The judgment is affirmed.