## KRAFT *v.* STATE OF INDIANA.

[No. 25,715.   Filed April 8, 1930.   Rehearing denied June 12, 1930.]

*Colerick, Jackson & Parrish,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

MARTIN, J.—The appellant was convicted, after a trial by jury, upon the second count of an amended affidavit which charged him with involuntary manslaughter under §1, ch. 203, Acts 1927, §2416 Burns Supp. 1929, and was sentenced to the State Prison for a period of not less than one nor more than 10 years. The alleged errors relied upon are the overruling of his motions to quash the affidavit, for a new trial, and in arrest of judgment.

That portion of §2416 Burns Supp. 1929, which defines involuntary manslaughter, is as follows:

"Whoever unlawfully kills any human being without malice, express or implied, involuntarily, but in the commission of some unlawful act, is guilty of involuntary manslaughter," etc.

The count under which appellant was convicted charged:

"That on or about the 16th day of January, A. D. 1928, at the County of Allen and in the State of Indiana, Edward W. Kraft did then and there unlawfully and feloniously, but without malice, express or implied, involuntarily, but in the commission of an unlawful act, to wit, carelessly, wantonly, recklessly and willfully, driving and operating a motor vehicle, to wit, automobile, in, upon and along a public highway in the City of

Fort Wayne, Allen County, State of Indiana, to wit, Boone street, where the same passes through the residence portion of said city, at a speed greater than is reasonable and prudent having regard to the density of traffic, the cloudy, foggy and misty condition of the weather, the width and use of the highway aforesaid, and so as to endanger the life and limb and injure the property of another person, to wit, Charles Pens, to wit, thirty miles an hour, and he did then and there unlawfully and feloniously, but involuntarily, while in the commission of the unlawful act of speeding as aforesaid, kill the said Charles Pens, a human being, by then and there and thereby unlawfully and feloniously, but involuntarily, driving said automobile into and against the said Charles Pens, knocking him, the said Charles Pens, to the street there situate with great force, inflicting a mortal wound and injury in and upon the head and body of the said Charles Pens, of which mortal wound and injury the said Charles Pens then and there sickened and languished and from which mortal wound and injury the said Charles Pens on the 17th day of January, A. D. 1928, in the county and state aforesaid, then and there died, contrary to the form of the statute in such case made and provided."

The appellant contends that this count does not allege that the death of the deceased was caused by the unlawful act of appellant, and that therefore it does not state the offense of manslaughter. In detail, his contention is that the allegation of the affidavit that, "while in the commission of the unlawful act of speeding as aforesaid," the appellant drove his automobile against Pens and killed him is not equivalent to and does not constitute a charge that as a result of the violation of the law by appellant Pens was struck and killed. He calls our attention to *Kimmel* v. *State* (1926), 198 Ind. 444, 154 N. E. 16; *Potter* v. *State* (1904), 162 Ind. 213, 70 N. E. 129, 64 L. R. A. 942, 102 Am. St. 198, 1 Ann. Cas. 32, and other cases and says: "the mere averment that

while this unlawful act was being done the defendant killed another does not supply the place of an averment of facts showing that the alleged unlawful act was the proximate cause of the homicide."

The indictment in the case at bar is not open to the objections made, and it sufficiently charges the crime of involuntary manslaughter. The Constitution provides, §13, Art. 1, Constitution, §65 Burns 1926, that the accused shall have the right "to demand the nature and cause of the accusation against him, and to have a copy thereof." Under this provision of the Constitution, it has been held that an accused is entitled to have the gist of the offense or the material averments of the indictment clearly stated in direct and unmistakable terms so as to apprise him of the nature and character of the charge against him, but with certainty only to a common intent. *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819; *Kimmel* v. *State, supra; Lane* v. *State* (1898), 151 Ind. 511, 51 N. E. 1056; *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N. E. 1019; *Greer* v. *State* (1929), 201 Ind. 434, 168 N. E. 458. The reasonable intendment and fair implication of the clause "while in the commission of the unlawful act of speeding aforesaid," carries into the averment not only the charge as to the speed of 30 miles per hour, but all that was alleged as to the residence section, the cloudy, foggy and misty condition of the weather, and so as to endanger the life and limb and property of another person, all of which is characterized as carelessly, wantonly, recklessly and willfully done. Construing this indictment in the ordinary, every-day sense of the words and sentences employed, it charges the crime of involuntary manslaughter with sufficient clearness to apprise the accused of the offense which he is called upon to answer. It follows that the court did not err in overruling the motion to quash the second count of the affidavit or in overruling

the motion in arrest of judgment, and that the verdict is not based on an insufficient and defective affidavit, and is not, for that reason, contrary to law as alleged in the motion for a new trial.

In his motion for a new trial, the appellant alleged that the verdict is not sustained by sufficient evidence. It appears from the State's evidence that appellant Kraft, about 5:02 p. m. on January 16, 1928, drove a light automobile (a Ford coupe) north in Osage Street in the city of Fort Wayne, turned west into Boone Street, missed the southwest corner of the intersection by a few inches, went over to the north side of Boone Street about 15 to 20 feet west of the intersection, and proceeded west in Boone Street at a speed of 30 to 35 miles an hour, 300 feet to the intersection of Frye Street and Boone Street. At that point, he collided with Charles Pens, who was riding a bicycle at the rate of five or six miles per hour across Boone Street from the north to the south. The collision demolished the bicycle and damaged the front of the automobile, which had to be lifted from the bleeding body of Pens. Pens' injuries, from which he died early the next morning, consisted of a fracture of the pariental bone extending into the base of the skull, a fractured clavicle, and three fractured ribs, one of which punctured his lung.

Frye Street south of Boone Street is a public street, but north of Boone Street is a private way leading to the plant of the Horton Manufacturing Company. Pens worked at this plant, and was on his way home from work at the time he was hit. The collision occurred 23 minutes after sundown. The weather condition at that time was dark and foggy, cloudy and overcast, with a light drizzle of rainfall. The pavement of the street was wet. A companion, who was riding with appellant at the time of the collision, testified that it was a foggy

night and rainy and that they "could not see very much." Appellant had no lights burning on his car and did not sound his horn. The distance from the spot where Pens was struck to where the automobile stopped was 50 or 52 feet. This evidence is sufficient to sustain the verdict.

The appellant contends, because of the testimony he gave in his own defense to the effect that the deceased ran his bicycle directly in front of the automobile and within a distance of two feet from it, that it appears that any unlawful operation of the car was not the proximate cause of the accident, which, under such evidence, was bound to happen, regardless of the speed or manner of operation of the automobile (as in the cases of *Dunville* v. *State* [1919], 188 Ind. 373, 123 N. E. 689, and *Howell* v. *State* [1928], 200 Ind. 345, 163 N. E. 492).

The jury may have disbelieved the testimony of the defendant, and the court on the appeal of a criminal case is not bound to consider the evidence of the defense. *Malich* v. *State* (1930), 201 Ind. 587, 169 N. E. 531. The question of the proximate cause of the collision and the resulting death was properly one for the jury. Conflicting evidence will not be weighed on appeal, and whether the deceased would have been struck and killed if the car had been lawfully operated was a question which the jury finally settled.

Instruction No. 7, given by the court, which instructed the jury that,

"If you find from the evidence beyond a reasonable doubt, that the other allegations of the second count . . . are true, and that Edward W. Kraft wilfully drove the automobile . . . at a rate of speed or in a manner expressly forbidden by statute and thereby caused the death of Charles Pens, you may find the defendant guilty of involuntary manslaughter,"

was objected to for the alleged reasons: (1) That the affidavit based the homicide on speeding alone, and not

on any other illegal manner of operation; and (2) that the instruction does not tell the jury that the evidence must show beyond a reasonable doubt that the death was the natural result and the probable consequence of the unlawful act upon which the homicide is based. As we have already pointed out, the affidavit did charge other negligent and illegal manners of operation in connection with the illegal speed, and we do not believe that the plain wording of the instruction is open to the second objection made. This instruction was given after the court had read instructions embodying the affidavit and the statutes defining manslaughter and regulating motor vehicles, and instruction No. 11, tendered by appellant, and given by the court, contained the following language:

"Before you can find the defendant guilty under the second count of the indictment, you must find that a violation of the statute of the State of Indiana regulating the speed of automobiles on the highway existed *in the manner charged* in that count of the affidavit; and you must further find that the excessive rate of speed at which the defendant was operating his automobile, if any, was the proximate cause," etc. (Our italics.)

Instruction No. 9, given by the court, and objected to by appellant, was expressly directed to count one of the affidavit, but as appellant was not convicted on this count, we have not considered any alleged error with relation thereto, since any such error was harmless.

Instruction No. 10, given by the court, is objected to for the reason that "if the court attempts to state to the jury the material facts necessary to be proved by the state, all such facts must be stated, or the instruction will be erroneous." The instruction told the jury that:

"If you find from the evidence beyond a reasonable doubt that the other material allegations of

· the amended affidavit are true, and that Edward W. Kraft was grossly negligent in exposing another to personal injury by intentionally doing the act which caused the death of Charles Pens, that the gross negligence in exposing another to personal injury by intentionally doing the act which caused the death of Charles Pens constitutes criminal intention on the part of the defendant."

This instruction does not purport to assume that any element of the offense has been proved. The court, at the request of both parties, gave instructions fully covering the proof required of all of the elements of the crime charged, and there was no error in the giving of this instruction.

Instruction No. 3, tendered by the appellant and refused by the court, contained the following statement: "A reasonable doubt may arise from a consideration of the evidence as well as from a lack of evidence," which appellant contends he was entitled to have given to the jury. While there are many decisions to the effect that a reasonable doubt may be generated by the lack of evidence as well as from a consideration of affirmative proof, in a case where the court has plainly defined the issue and instructed the jury that the State must prove the elements of the crime beyond a reasonable doubt, the right of the jury to consider the lack of proof of any element is necessarily implied. This is the natural import of what the court, by several other instructions, told the jury, and the court was not required to adopt the form of language asked by appellant in instruction No. 3.

· Three of appellant's grounds for a new trial are based on the action of the court in overruling his motion to withdraw the submission of the case from the jury and discharge the panel because of alleged misconduct of the prosecuting attorney in propounding certain questions to appellant and to two witnesses. A witness, Dunlap,

was asked to state whether he had any conversation with the appellant at any time "in regard to the hitting of Claude Brown at Center and Main street." The defendant was asked "as you were going along Main street, did you at any time hit anybody?" and a witness Miller was asked if "any of these people . . . said that on one day Edward Kraft hit two men." The State, at the time the first of these questions was asked, made an offer to prove a conversation between the defendant and another showing the course he took before arriving at the scene of this accident and, after having hit a man at Center and Main Streets, for the purpose of showing that the defendant, at the time of this accident, was wilfully and intentionally speeding on his way from the first accident to prevent his identity being discovered. This offer was overruled, and an objection by the defendant was sustained to the question. Appellant's motion to withdraw the submission of the case from the jury was then made and overruled, and was again made and overruled at the time the court sustained his objection to each of the other two questions.

The correctness of the action of the court in sustaining the defendant's objections to these questions has not in any manner been made an issue here. We, therefore, proceed upon the assumption that the questions asking about a prior collision were not proper, and that the court in each instance properly sustained appellant's objections thereto. In addition to sustaining objections to the questions, the court, upon the request of appellant's attorney, admonished the jury as follows:

"Gentlemen of the Jury, in the course of the trial of this cause, questions have been propounded to witnesses and objections made to the questions or to the witness answering the questions for various reasons. I want to say to you now that whenever a question is propounded and an objection to it is sustained, you will not consider anything that

might have been included in the answer of the witness to that question; you are only to consider the evidence coming from the mouth of the witness after the witness has been allowed to testify and you will not let the fact that testimony has been excluded influence you one way or the other," etc.

Not only did the court admonish the jury during the progress of the trial, but, at the request of the defendant, the court gave an instruction reading as follows:

"The Court instructs you that, during the progress of this trial, questions have at several times been propounded to witnesses who were testifying in this cause seeking to learn whether the various witnesses knew anything that had happened or occurred at the corner of Center and Main streets, in the City of Fort Wayne, a short time before the accident and the collision of the defendant with the bicycle and person of the deceased, Charles Pens, at the intersection of Boone and Frye streets. When objections were made to these questions, the Court has promptly sustained the objections and has attempted to exclude the questions, and has excluded all answers from the consideration of the jury. The Court has at various times during the progress of this trial admonished the jury to pay no attention or give no consideration to these questions and the answers sought to be elicted thereby.

"The Court now again admonishes you that such questions were improper and have nothing to do with the trial of this cause. It would be highly improper for the jury to take into consideration such questions as propounded and any answers sought to be elicted thereby in this cause, and the jury should, under no circumstances, permit the fact that said questions were asked to have any weight or influence or to give any consideration thereto in arriving at a verdict in this cause."

We cannot agree with the appellant that the asking, by the prosecuting attorney, of the three questions quoted

above, was such persistent misconduct as prevented a fair trial and required a new panel, and that the refusal of the court to set aside the submission constitutes reversible error. Whatever error there was in the acts of the prosecuting attorney and whatever prejudice to appellant that may have resulted therefrom was fully remedied by the admonition and instruction of the trial court set out above. (See *Blume* v. *State* [1900], 154 Ind. 343, 56 N. E. 771; *Davis* v. *State* [1928], 200 Ind. 87, 161 N. E. 375; *Wright* v. *State* [1928], 199 Ind. 617, 159 N. E. 465.)

Judgment affirmed.

Myers, J., absent.