## KARLEN v. STATE OF INDIANA.

[No. 25,156. Filed December 31, 1930.]

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, *James M. Ogden,* Attorney-General, *E. Burke Walker,* Deputy Attorney-General, *V. Ed Funk,* Deputy Attorney-General, and *Merl M. Wall,* Special Assistant Attorney-General, for the State.

TRAVIS, J.—This is an appeal from a judgment of a fine of one hundred dollars and imprisonment in the Indiana Reformatory for not less than one year nor more than two years, rendered upon a verdict of guilty of transporting intoxicating liquor in an automobile, as charged by indictment. (Acts 1923, ch. 34, p. 108.) The crime is alleged to have been committed December 19, 1924.

Errors are laid upon the decision of the court in permitting the introduction of evidence over objection, and

upon giving and refusing to give certain instructions to the jury over objections; and, that the verdict is not sustained by sufficient evidence, and is contrary to law.

Appellant, together with three others whom he had invited to ride with him, drove a coupe automobile out of the city of Muncie about seven o'clock in the evening, and stopped in the roadway next to which was a stone quarry. Previously the same evening ten police officers of Muncie, and four federal officers, had driven to the stone quarry. When appellant and his companions were at or near the stone quarry, they saw two automobiles parked at the side of the roadway, which were the ones the officers' party used to go to the quarry. Upon seeing the men one of the appellant's party asked if everything were "all right". Appellant had stopped and the four had alighted from the coupe, when the officers drew several pistols and covered the three companions of appellant, who had alighted from the right side of the car. Appellant had alighted from the driver's seat on the left side of the coupe and had run away. The officers fired many shots and placed the three companions of appellant under arrest and searched them. Thereupon the officers took the three under arrest and the coupe, to the jail at Muncie. The back part of the coupe was locked. One of the officers forced it open with a claw hammer, and found two five gallon cans of grain alcohol. One of the federal officers testified that the officers' party "pulled out to what they call the Cornbread Road, to the stone quarry," and to the question by the prosecuting attorney, "Did you know that there was to be some liquor delivered there?" answered, "Yes, sir." This narration covers the evidence in support of the verdict. The evidence does not disclose or suggest that appellant had ever committed a felony, or that any of the officers believed that he had ever committed a felony, or that

he was about to commit a felony; neither does the evidence show that, at the time appellant stopped the coupe near them, he was then committing a misdemeanor, or that the officers or any one of them believed appellant was then committing a misdemeanor. The evidence does show that the officers did not have a warrant for the arrest of appellant or either of his three companions, and also, that the officers did not have a search warrant to search the three arrested, the appellant, or the coupe.

Appellant objected to questions put to the officer witnesses, which elicited answers concerning the search, for the reason that the rights guaranteed appellant by the constitution concerning search and seizure would be violated, which objections were overruled. There is such a great number of such questions and objections, that it is deemed sufficient to state the substance and purpose of the questions and the objections, to show the application of the law, without stating separately each question and the objection made to it by appellant. Neither appellant nor any one or all of his three companions were committing a misdemeanor within the knowledge of the officers, or any one of them, at the time of the arrest of the three; neither did the officers have any ground for believing that appellants or any one, or all, of his companions were then committing, or that they previously had committed, a felony. It is useless to prolong this opinion to restate the law which pertains to the right of an officer to arrest or search and seize under such a state of facts and circumstances.

*Robinson* v. *State* (1925), 197 Ind. 144, 149 N. E. 891. That the federal officer testified, "Yes, sir," to the prosecuting attorney's question, "Did you know that there was to be some liquor delivered there?" lends no support to a basis for a finding of probable cause for either arrest or search and seizure. Neither this question nor its answer pertained to appellant or his companions.

This case is not unlike the case of *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23, upon the proposition under consideration. The officers were ready to snare, upon suspicion, any one who came to the stone quarry that evening. Suspicion alone is not probable cause for a writ of arrest or for search and seizure, and further, it is not probable cause for arrest or search and seizure without a writ, under circumstances such as are present here. The finding of the grain alcohol by the search, if the search was without probable cause when the coupe was taken possession of by the officers, lends no support to the verdict. *Batts* v. *State, supra.* The questions which elicited the fact of search and seizure were met with proper objections. Appellant's objections to such questions should have been sustained. The evidence would then be insufficient to sustain the verdict. The questions which relate to the charge by the court to the jury concerning the evidence will not arise upon a retrial of the case, and hence are not determined. The verdict is not supported by sufficient evidence. The motion for a new trial should have been granted.

The Delaware Circuit Court is ordered to grant appellant's motion for a new trial.

Judgment reversed.

Martin, J., dissents.

Gemmill, J., absent.

### DISSENTING OPINION.

MARTIN, J.—I cannot concur in the holding announced in the prevailing opinion, viz.: that the search of the automobile in question was invalid because the evidence was insufficient to show that the officers, who arrested appellant's three companions, had probable cause, at the time of such arrest, to believe that appellant had committed the felony of transporting intoxicating liquor.

The appellant was not arrested or searched at the time

his companions, Slane, Hopper, and Berry were arrested, but he, at that time, abandoned the automobile containing the ten gallons of grain alcohol and ran away (and did not thereafter, even at his trial, assert ownership of the car). The search of the automobile which was subsequently made at the county jail was justified by appellant's acts in abandoning the automobile and fleeing from the officers—such acts under the circumstances of the case might reasonably have convinced the officers that the automobile contained intoxicating liquor. *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449; *State* v. *Godette* (1924), 188 N. C. 497, 125 S. E. 24.

The search of the automobile was also justified as an incident to the arrest of Slane, Hopper, and Berry. The police officers knew that a delivery of liquor was to be made at the place where appellant stopped the car and asked if everything were "all right." It also appears from the evidence that Berry was in the liquor business and had been convicted several times of violating the liquor law. Whether the officers possessed further evidence of probable cause justifying the arrest of Slane, Hopper, and Berry does not, in this action against Karlen, appear, but it does appear from the record that Slane, Hopper, and Berry were indicted jointly with appellant on the charge of transporting intoxicating liquor, were found guilty, sentenced and at the time of appellant's trial were serving their sentences. We must presume that the proceedings of the courts are regular and therefore that the arrests of Slane, Hopper, and Berry were lawful.

It is noted that no objection made by appellant to the introduction in evidence of the result of the search of the automobile is based on the ground that the automobile was at the time of the search owned or controlled by him, and an examination of the record fails to disclose any evidence that appellant owned the automobile

(although it may be inferred that he was in control of the same before he abandoned it). He could not successfully object to the search of another's property.

It appears to me that no constitutional right of this appellant was invaded by the search of the automobile load of liquor which he abandoned and left in the officers' hands when he fled.

Almost eleven months' time intervened between the date on which appellant was indicted and the date of his trial, and during that time he made no attempt to have the court suppress the evidence which he claims was obtained by an unlawful search. It is held by the federal courts and by a majority of the state courts in which the question has arisen that a defendant must, in advance of his trial, raise objection to such evidence, and, failing to do so, he cannot take the time of the court on such collateral issue at his trial. This rule has been in effect in this state, at least since the decision of *Hantz* v. *State* (1929), 92 Ind. App. 108, 166 N. E. 439, almost two years ago. If the decision of the Appellate Court in that case, and in several others like it, is correct it should be followed. If it is incorrect it should not be ignored, but should be expressly overruled, so that the public, the bar and the Appellate Court may know definitely the holding of this court upon the question.

It is my opinion that the judgment should be affirmed.