PETTIT v. STATE OF INDIANA.

[No. 25,894. Filed February 16, 1934. Rehearing denied February 18, 1935.]

*Mark L. Thompson,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

TREANOR, J.—This is an appeal from a judgment rendered upon a verdict finding appellant guilty of robbery. The alleged errors assigned as grounds for reversal are as follows:

1. Overruling appellant's motion for new trial.
2. Overruling the amended verified motion of appellant to suppress all evidence and information obtained by and through the search of appellant's automobile.
3. Permitting the admission in evidence of exhibits obtained by and through the search of appellant's automobile and in permitting certain witnesses to testify concerning what they learned by means of a search of appellant's automobile.

Appellant's motion for a new trial specified 57 separately numbered grounds, but under Points and

Authorities and by Argument, only the following propositions are urged on this appeal:

1. The court erred in overruling appellant's verified motion to suppress certain evidence obtained through a search of appellant's automobile and in admitting in evidence exhibits and testimony as to facts learned on such search.
2. The verdict is not sustained by sufficient evidence.

It appears from the evidence heard on the issue raised by appellant's motion to suppress and the State's general denial that at about midnight, October 14th, the appellant was arrested at his home at 1119 S. 20th street in Lafayette by police officers of that city pursuant to a request made by police officers of the city of Crawfordsville in a telephone conversation with the Lafayette officers. In this and earlier conversations between the officers of the two cities the Lafayette officers were told that an automobile belonging to appellant had been used the preceding night in the holdup of a filing station attendant in Crawfordsville, that appellant's brother-in-law had been arrested for the offense and money stolen from the attendant found on his person; that appellant had been with his brother-in-law on the preceding night and was the second man in the holdup. The appellant was taken, upon his arrest, to the Lafayette police station. The Crawfordsville police were called and told of appellant's arrest and were asked if they wanted the car. They said they did. At the police station appellant told the officers that his car "was out at his aunt's," which was a considerable distance from the place of appellant's arrest. Lafayette police officers, accompanied by appellant, then proceeded to a garage on the premises of appellant's aunt where they searched appellant's automobile, procuring an envelope containing money, checks and

coupons taken in the holdup, evidence of which was sought to be suppressed.

Our Constitution recognizes and protects the right of the people to be secure "in their persons, houses, papers and effects against unreasonable search or seizure." (Art. I, §11, Ind. Const.) The arrest of a person is not a violation of this constitutional guaranty against unreasonable seizure if the officers making the arrest, at the time, have reason to believe, *i. e.* probable cause for believing, that the person to be arrested is committing or has committed a felony, for which the arrest is made. In applying the constitutional provision, an automobile has been treated as falling within the classification of an "effect" which shall be "secure against unreasonable search or seizure." *Robinson* v. *State* (1925), 197 Ind. 144, 149 N. E. 891.[1] In determining the question of the reasonableness of a search or seizure a different test has been applied in reviewing the search, according to whether a dwelling house or an automobile was searched. Except when made to effect, or as incidental to, a lawful arrest, a search of a private dwelling without a warrant, though upon probable cause, has been held to be unreasonable. But a search of an automobile, if made upon probable cause, may not be unreasonable though made without a warrant, and it is not essential that such search shall have been made to effect, or as incidental to, a lawful arrest.[2] This rule usually has been

*Note 1.* "This evidence . . . clearly showed that the search of each (person and automobile) was made in violation of defendant's right, under the Constitution, 'to be secure in his person . . . and effects against unreasonable search or seizure.'" *Robinson* v. *State, supra.*

*Note 2.* The opinion in each of the following cases reversed by this court clearly indicates that the State had sought to justify the search without warrant either solely as incident to arrest, whereas the arresting officers had no grounds for legal arrest, or as made upon probable cause for believing that articles subject to seizure were contained in the automobile searched, whereas the

applied to cases involving a search made under circumstances which, connected with the facts constituting probable cause, might tend to render the search impossible or impracticable if delayed until a proper warrant is secured.[3]

We think that the facts and circumstances in the instant case bring it within the application of such a rule. There is no doubt that the officers who went out to arrest appellant had reason to believe that he had committed a felony and also had probable cause for believing that his automobile had been used in the commission of that felony and therefore would contain property used in or obtained from its commission. Had appellant's automobile been on or at the premises where he was arrested there is no question that its search without a warrant would have been entirely proper; likewise, had officers with knowledge of the use of the automobile in the commission of the felony, suddenly come upon the automobile shortly after the commission of the felony, they would have been justified in searching it though no arrest was being made. The fact that the automobile had been taken a distance of several miles from appellant's home may have been sufficient to prevent its search as incident to his arrest, but that same fact, considered in connection with the facts consituting probable cause, was sufficient to create a set of circumstances which might tend to render the search impossible or impracticable if delayed until a warrant was obtained. The search of appellant's automobile was not unreasonable and there was no error in admitting

facts were insufficient to furnish such probable cause: *Robinson* v. *State, supra; Doncaster* v. *State* (1926), 197 Ind. 635, 151 N. E. 724; *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23; *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62; *Karlen* v. *State* (1931), 204 Ind. 146, 174 N. E. 89.

*Note 3.* See *Carroll* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; *Faut* v. *State* (1929), 201 Ind. 322, 168 N. E. 124; *Husty* v. *United States* (1931), 282 U. S. 694, 75 L. Ed. 629, 51 S. Ct. 240, 74 A. L. R. 1407.

in evidence the exhibits obtained, and testimony as to facts learned, on the search.

Appellant contends that the evidence wholly fails to support the verdict. In passing upon the sufficiency of evidence a reviewing court follows the rule that it will not weigh the evidence, whether it is direct, circumstantial, or both, and will uphold the verdict unless there is a total failure of evidence to an essential element of the offense. *Polonius* v. *State* (1923), 192 Ind. 664, 138 N. E. 259. Appellant urges that "where circumstantial evidence is relied upon entirely, the evidence must be sufficient to exclude every other reasonable hypothesis or supposition than that of appellant's guilt," citing *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E. 157. While it is true that the rule quoted must govern the deliberation of a jury in determining the guilt of a defendant where only circumstantial evidence is considered, it is not a rule "which governs a court of review, in passing on the sufficiency of evidence, in the same *sense* and in the same *manner* that it governs the trial court and jury." *Wrassman* v. *State* (1921), 191 Ind. 229, 132 N. E. 673; *Gears* v. *State* (1932), 203 Ind. 380, 180 N. E. 585. The question for the reviewing court, in such case, is whether or not there was evidence from which the jury might have reasonably drawn an inference of guilt. *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341.

The evidence in this case is sufficient to warrant the inference of guilt drawn by the jury. The evidence introduced by the State established that on the night the offense was committed he was with the person who was identified as the robber; that he was in the immediate vicinity—on the same corner—of the filling station at which the attendant was employed, at about closing time; that his automobile, which he was driving shortly before, was used in get-

ting away from the scene of the crime; that he took his automobile to premises a considerable distance from where he lived, and that part of the proceeds of the robbery were found in the possession of his brother-in-law and part in appellant's automobile. The appellant testified as to his whereabouts at the time of the robbery and the jury heard appellant's recital of the circumstances which tended to explain the presence of his automobile in the holdup and the finding of the stolen money, etc., in his automobile. The weight and effect to be given that testimony were questions for the trial court and jury, and in view of all the evidence we must conclude that there was sufficient evidence to sustain the verdict of the jury.

Judgment affirmed.